STATE of Wisconsin EX REL. Cornell SMITH, Petitioner,

v.

Gary MCCAUGHTRY, Respondent.

Court of Appeals

*No.  98–0703–W.  Submitted on petition May 13, 1998.—Decided September 17, 1998.*

(Also reported in 586 N.W.2d 63.)

On behalf of the petitioner, the cause was submitted on the brief of *Cornell Smith*, pro se.

On behalf of the respondent, the cause was submitted on the brief of *Charles D. Hoornstra*, assistant attorney general with whom on the brief was *James E. Doyle*, attorney general.

Before Dykman, P.J., Vergeront and Deininger, JJ.

DEININGER, J. Cornell Smith has petitioned this court for a writ of mandamus directing the circuit court to accept his action for filing without payment of fees. Smith is attempting to file an action for certiorari review of a prison disciplinary decision. The case requires that we consider new administrative rules governing the Inmate Complaint Review System (ICRS), and their relationship to certiorari review. We conclude: (1) the new rules allow a prisoner to seek ICRS review of procedural issues in a prison disciplinary decision, but not non-procedural issues; and (2) a prisoner may not obtain certiorari review of the non-procedural issues until the ICRS completes review of any claimed procedural errors. The practical effect of these conclusions is that a certiorari petition fails to state a claim when it seeks review of both procedural and non-procedural issues, but does not allege that the ICRS process has been completed. We deny the writ.

## I. BACKGROUND

Smith filed a notice of appeal from an order denying his petition to proceed under § 814.29, STATS., without payment of fees. Because the appropriate method to obtain review of this order is a petition for a supervisory writ in this court, we construed the notice of appeal as such a petition. *See State ex rel. Staples v. DHSS*, 130 Wis. 2d 285, 287–88, 387 N.W.2d 118, 120 (Ct. App. 1986). We ordered a response and have received a response from Warden Gary McCaughtry in support of the circuit court order.

Under § 814.29(1), STATS., the circuit court must grant the fee waiver unless the proposed complaint or petition fails to state a claim upon which relief may be

granted. This is the same standard that is applied when considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* § 802.06(2)(a)6, STATS.; *State ex rel. Luedkte v. Bertrand,* 220 Wis. 2d 574, 577, 583 N.W.2d 858, 860 (Ct. App. 1998). Whether the proposed pleading states a claim is a question of law we review without deference to the circuit court. *See State ex rel. Hansen v. Dane County Cir. Ct.,* 181 Wis. 2d 993, 998, 513 N.W.2d 139, 141 (Ct. App. 1994).

Smith's proposed certiorari petition recited certain facts about the conduct report that are not relevant here, and then alleged that the committee acted contrary to law and made an arbitrary, oppressive or unreasonable determination, that the decision was unsupported by evidence, that the committee failed to follow its own rules, and that the conduct report never should have been written. He alleged that he filed an appeal to the warden, but it was denied.[1] The circuit court denied the fee waiver petition.

## II. APPLICABILITY OF ICRS TO PRISON DISCIPLINE

One reason the circuit court denied the fee waiver was that Smith had not exhausted his administrative remedies. The court concluded that under new rules promulgated by the Department of Corrections, Smith can use the ICRS to seek further review of the prison disciplinary decision after an appeal to the warden. Because prisoners are required to exhaust their

---

[1] Smith's proposed certiorari petition does not actually state to whom he took an appeal. However, this is the most reasonable inference, as McCaughtry appears to agree. It is also clear from Smith's argument in this court that this is what occurred.

administrative remedies before bringing an action in the courts, and Smith did not plead that he had filed an ICRS complaint, the court concluded that he failed to state a claim upon which relief may be granted.

Failure to plead exhaustion of remedies, where they are not shown to be futile, is fatal to a complaint. *See State ex rel. Braun v. Krenke*, 146 Wis. 2d 31, 39, 429 N.W.2d 114, 118 (Ct. App. 1988). There is no dispute that prisoners are required by § 801.02(7), STATS., to exhaust their administrative remedies before bringing an action, and that this requirement applies to certiorari actions for review of prison discipline. The dispute is over whether further administrative remedies were available to Smith. In short, McCaughtry argues that Smith could have used the ICRS to seek relief from procedural errors in the disciplinary proceedings, but not from substantive errors in the disciplinary decision itself. Smith argues that he could not use the ICRS for further review of any issue.

On July 28, 1997, the Department of Corrections issued an order finding that an emergency existed requiring immediate amendment of WIS. ADM. CODE ch. DOC 310, which governs the ICRS. The changes became effective August 4, 1997. Many, and perhaps all, of these changes have now been promulgated as permanent rules effective May 1, 1998. In the present case, however, we apply the emergency rules which were in effect at the time of Smith's disciplinary proceeding and his attempt to obtain judicial review. All citations to ch. DOC 310 in this order are to the emergency rules. However, it appears that all the emergency provisions we discuss in this opinion have been promulgated as permanent rules.

Several provisions of the new ICRS rules are relevant. WISCONSIN ADM. CODE § DOC 310.08 provides in relevant part:

> (2) The ICRS may be used to raise significant issues regarding rules, living conditions, and staff actions affecting institution environment, except any of the following:
>
> (a) The subject matter of a conduct report that has not been resolved through the disciplinary process in accordance with ch. DOC 303.
>
> . . . .
>
> (3) After exhausting the appeal in DOC 302.19, 303.75 or 303.76, the ICRS may be used to challenge the procedure used by the adjustment committee or hearing officer, by a program review committee, or by any decision maker acting on a request for authorized leave.

McCaughtry argues that under sub. (3), procedural errors in disciplinary cases can be addressed in the ICRS. McCaughtry also asserts that substantive issues cannot be raised in the ICRS. Although McCaughtry does not cite any specific provision, this assertion may be based on sub. (2)(a) above, a provision which we find difficult to decipher. The appendix to this section, as effective May 1, 1998, supports the idea that substantive issues cannot be raised in the ICRS. The appendix note to WIS. ADM. CODE § DOC 310.08 states that one reason for excepting certain matters from the ICRS in sub. (2) is that procedures for review of some decisions are provided in other sections of the administrative rules, and that this is true of disciplinary decisions. It also states that the nature of the issue may make investigation difficult or require expertise that is beyond the ICRS.

Smith argues that he could not use the ICRS for *any* matter related to a disciplinary decision. He relies on WIS. ADM. CODE § DOC 303.76, which provides the procedure for hearing major conduct reports. Smith focuses on § DOC 303.76(7)(d), which provides that, on appeal from the adjustment committee, the decision of the warden is "final." He argues that this is the specific rule governing disciplinary proceedings, and that it is not affected by the more general provisions about the ICRS in WIS. ADM. CODE ch. DOC 310.

We agree that these provisions appear inconsistent. The superintendent's decision is not final if the inmate can seek further review through the ICRS. This inconsistency arguably makes the rules ambiguous. However, the number and specificity of the changes in the current version of WIS. ADM. CODE ch. DOC 310 leave no ambiguity about the Department's intent. The intent is that procedural errors are within the scope of the ICRS, and as to those types of errors the warden's decision is no longer final.

Smith also argues that the provision allowing procedural issues to be raised in the ICRS is actually intended to provide a way to challenge any "official" procedure or policy that is customarily employed by the Department or an institution. He argues that the ICRS is not intended for "unauthorized" procedural errors that may have occurred at a particular disciplinary hearing, because the appeal to the warden under WIS. ADM. CODE § DOC 303.76 is already intended to serve that function. Although there is no language in the rule that directly supports this argument, some support might be found in the fact that, if individual prison discipline decisions can be reviewed in the ICRS, the case could be appealed twice to the same warden, on

the same factual record.[2] This arguably absurd result might be avoided by adopting Smith's interpretation.

However, we conclude that the language of the rules makes it clear that specific procedural errors are reviewable. For example, the ICRS can be used to challenge the procedure used by "the" adjustment committee or hearing officer, which suggests a specific committee in a specific case. *See* WIS. ADM. CODE § DOC 310.08(3). The rules also provide that ICRS review of procedural issues is confined to "the record," presumably meaning the record in the specific disciplinary decision under review. *See* WIS. ADM. CODE § DOC 310.11(3). Based on these provisions, we conclude that ICRS review is available for procedural errors that occur in individual cases.[3]

In summary, we conclude inmates can use the ICRS to raise procedural issues, but as to other issues the decision of the superintendent is final. The next question concerns how certiorari review of prison discipline should proceed in light of the new ICRS rules.

---

[2] After the Institution Complaint Examiner rejects the complaint as frivolous or prepares a report and recommendation, the next decision maker in the ICRS process is the "appropriate reviewing authority," which can be the warden. *See* WIS. ADM. CODE §§ DOC 310.03(3), 310.11 and 310.12. The ICRS investigation of prison discipline cases is confined to the record. *See* WIS. ADM. CODE § DOC 310.11(3).

[3] Smith's argument is also rebutted by a provision which does not appear to exist in the emergency rule, but is contained in the permanent rules effective May 1, 1998. The rule provides in part: "With respect to procedures used by the adjustment committee or hearing officer in a prison disciplinary action under ch. DOC 303, an inmate shall appeal to the warden under s. DOC 303.76 and file an inmate complaint under s. DOC 310.08(3) in order to exhaust administrative remedies." *See* WIS. ADM. CODE § DOC 310.04.

## III. AVAILABILITY OF CERTIORARI REVIEW

Smith seeks certiorari review of both procedural and non-procedural issues. Although his proposed petition pleads that he pursued an appeal to the warden under WIS. ADM. CODE § DOC 303.76, it does not say that he also filed an ICRS complaint for relief from procedural errors. In other words, Smith's petition alleges that he exhausted his administrative remedies for non-procedural errors, but not for procedural errors.

To determine whether Smith's certiorari petition states a claim, we must now decide when a prisoner is entitled to certiorari review under the new ICRS prison discipline rules. There are three possibilities: (1) Smith can have certiorari review of *all* his claims of error now; (2) Smith can have review of only the non-procedural issues now, with review of the procedural issues to await the conclusion of the ICRS process; or (3) no certiorari review of any issue will occur until after ICRS review of the procedural issues, at which time all issues can be brought up for judicial review. McCaughtry argues for the last option, and we agree that this is the best choice.

We begin by rejecting the first possibility, as does McCaughtry. Smith is not entitled to review of all issues now. To allow full review now would enable prisoners to avoid the exhaustion requirement for procedural issues by combining them with a non-procedural issue. The legislative policy in favor of exhaustion is clear from § 801.02(7), STATS.

Of the two remaining choices, McCaughtry argues that all judicial review should await the conclusion of the ICRS process. He argues that judicial economy is better served by waiting until the entire administrative process has concluded, because the Department

may reverse some decisions on procedural grounds before they reach the courts. McCaughtry also relies on several cases relating to judicial review of agency decisions. These cases say that the agency process should be completed before certiorari review because this will result in a greater clarification of the issues and a more complete factual record. It will also avoid interference in, and delay of, the agency procedure.

We do not agree with all of McCaughtry's arguments. Because the ICRS will not be reviewing the adjustment committee's substantive decision, the ICRS process will not clarify or complete the record as to that issue. In fact, it appears that the ICRS will not make a more complete factual record on *any* issue, since its review will be based solely on the record already made in the disciplinary proceedings.[4] *See* WIS. ADM. CODE § DOC 310.11(3).

We agree that judicial economy will be served by allowing the Department the opportunity to reverse some cases on procedural grounds before they reach the courts. We are also concerned about the judicial economy implications of the second alternative, which would create the potential for two certiorari reviews of each prison discipline case, one for procedural issues and one for non-procedural issues. Although the issues

---

[4] Many of the procedural errors that prisoners attempt to raise in certiorari review are rejected because the reviewing courts are bound by the certiorari record, which often does not contain evidence of the claimed procedural error. We have previously noted the difficulty inherent in this situation, and have occasionally remanded to the Department for a further record on claimed procedural errors. *See, e.g., State ex rel. Lomax v. Leik*, 154 Wis. 2d 735, 454 N.W.2d 18 (Ct. App. 1990). This problem could be avoided if the ICRS were able to produce an independent record.

on the merits of each case would obviously be different, there may be some cases in which review of procedural issues would require the court to review certain documents, such as the conduct report or committee decision, for a second time. Significant administrative burdens are also created by having two separate proceedings, in particular the necessity of reviewing two fee waiver petitions under § 814.29, STATS.

We recognize that one effect of this decision is that certiorari review of prison discipline decisions may occur longer after the punishment is imposed than is currently the case, due to the additional time required for completion of the ICRS process.[5] We also recognize that further administrative or judicial review of non-procedural issues, such as sufficiency of the evidence, will not occur while the ICRS procedural review occurs. However, we believe our decision is the best balance of equitable considerations and judicial economy. We note that inmates can obtain immediate judicial review, without the delay caused by the ICRS process, if they raise only non-procedural issues in their certiorari petition. Whether to limit their arguments in this way is a decision inmates will have to make in each case based on the strength of the issues and their need for immediate relief.

It is also important to note that McCaughtry admits, as part of his argument, that judicial review of non-procedural issues will not be barred as untimely when the inmate seeks certiorari review of the ICRS decision within the prescribed time. In other words, a timely certiorari petition for review of an ICRS decision on procedural issues can also raise non-procedural

---

[5] The total possible time for the complete ICRS process appears to be approximately sixteen weeks, if there are no extensions. *See* WIS. ADM. CODE § 310.09–310.14.

issues, even though the Department's final decision on those issues may not have occurred within the required time for filing a certiorari petition. The time for filing certiorari petitions was previously established as six months. *See State ex rel. Czapiewski v. Milwaukee City Serv. Comm'n,* 54 Wis. 2d 535, 538–39, 196 N.W.2d 742, 743 (1972). However, effective September 1, 1998, that time has been shortened to forty-five days by a new statute, § 893.735, STATS., as provided in 1997 Wis. Act 133, § 38.

■

Based on the above analysis, we conclude that Smith's proposed certiorari petition fails to state a claim because, although he seeks review of both procedural and non-procedural issues, he has alleged exhaustion of administrative remedies only for the non-procedural issues. Under these circumstances, the circuit court properly denied the fee waiver petition.

It appears there are at least two possible courses Smith can follow next. One is to amend his proposed certiorari petition to allege only non-procedural errors, for which he has exhausted all administrative remedies. The other is to file an ICRS complaint for review of the procedural issues. According to the ICRS rules, complaints must be filed within fourteen calendar days after the occurrence giving rise to the complaint, except that the institution complaint examiner may accept a late complaint for good cause. *See* WIS. ADM. CODE § DOC 310.09(3). During the transition to these new rules, we encourage the Department to accept an inmate's showing of confusion about the proper procedure as good cause under this provision.

*By the Court.*—Writ denied.