STATE of Wisconsin EX REL. Daniel FRASCH, Petitioner-Respondent,

v.

Marianne A. COOKE, Respondent-Appellant.

Court of Appeals

*No. 98–1786. Submitted on briefs December 7, 1998.—Decided February 17, 1999.*

(Also reported in 592 N.W.2d 304.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *David E. Hoel*, assistant attorney general.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Daniel Frasch, pro se*.

Before Snyder, P.J., Brown and Anderson, JJ.

SNYDER, P.J. The Department of Corrections (the Department) appeals from a circuit court order vacating a prison disciplinary finding of disruptive conduct by Daniel Frasch, an inmate at the Kettle Moraine Correctional Institution (KMCI), and expunging his disciplinary record. The Department contends that Frasch is not entitled to certiorari review because (1) Frasch did not demonstrate that he had exhausted his Inmate Complaint Review System (ICRS) remedies, (2) he failed to raise issues of procedural error before the hearing officer, and (3) any failure to provide notice was harmless error. We conclude that Frasch did not satisfy the exhaustion requirements under § 801.02(7), STATS., 1995–96,[1] and WIS. ADM. CODE § DOC 310.04. Thus, we reverse and remand.[2]

The facts are not in dispute. On October 27, 1997, Frasch had a verbal altercation with a staff member at KMCI. Frasch was then served with an Adult Conduct Report (Form DOC–9, hereinafter "conduct report"), which alleged that he had committed the offenses of disruptive conduct, disrespect and "violations of institution policies and procedures." He was also served with a Notice of Major Disciplinary Rights and Waiver of Major Hearing and Waiver of Time (Form DOC–71). Frasch chose an advocate for the disciplinary hearing and requested that witnesses testify at the hearing. The Department did not provide a second written notice of the hearing to Frasch. Frasch nonetheless

---

[1] This statutory section was amended and redesignated by 1997 Wis. Act 133, § 11.

[2] Because we reverse on the basis of exhaustion requirements, we need not address the Department's remaining arguments.

appeared at the hearing and presented testimony challenging the allegations against him. The hearing officer found Frasch guilty of disruptive conduct contrary to WIS. ADM. CODE § DOC 303.28.[3]

Frasch appealed the hearing officer's decision to the warden under WIS. ADM. CODE § DOC 303.76(7).[4] He contended that he could not properly defend himself because he was not afforded written notice of his disciplinary hearing pursuant to § DOC 303.81(7) and (9). The warden affirmed the hearing officer's decision on November 24, 1997.

Frasch then brought a certiorari action in the Circuit Court for Sheboygan County alleging that the Department had failed to provide him with proper notice of his disciplinary hearing and that the conduct report was insufficient for failing to set forth potential penalties as required by WIS. ADM. CODE § DOC 303.76(1). The court ruled that the Department had failed to comply with the notice requirements under § DOC 303.81(9),[5] and thus the hearing officer's decision was vacated. The Department now appeals.

---

[3] WISCONSIN ADM. CODE § DOC 303.28 states:

> Any inmate who intentionally or recklessly engages in, causes or provokes disruptive conduct is guilty of an offense. "Disruptive conduct" includes physically resisting a staff member, or overt behavior which is unusually loud, offensive or vulgar, and may include arguments, yelling, loud noises, horseplay, or loud talking, which may annoy another.

[4] WISCONSIN ADM. CODE § DOC 303.76 sets forth the hearing procedure for major conduct violations.

[5] WISCONSIN ADM. CODE § DOC 303.81(9) provides that "[t]he hearing officer shall prepare notice of the hearing and give it to the accused, the advocate (if any), the committee and all witnesses, including the staff member who wrote the conduct report."

■ Our scope of review is identical to that of the circuit court on certiorari. *See State ex rel. Staples v. DHSS*, 136 Wis. 2d 487, 493, 402 N.W.2d 369, 373 (Ct. App. 1987). Because we decide the merits of this appeal independently of the circuit court's decision, it is unnecessary to review the circuit court's analysis. *See id.*

The Department contends that Frasch should have been barred from maintaining a civil action because he failed to allege or show that he had exhausted his ICRS remedies prior to bringing the action. The Department cites § 801.02(7), STATS., 1995–96, which provides that:

> No prisoner . . . may commence a civil action or special proceeding against an officer, employe or agent of the department of corrections in his or her official capacity or as an individual for acts or omissions committed while carrying out his or her duties as an officer, employe or agent or while acting within the scope of his or her office, employment or agency *until the person has exhausted any administrative remedies that the department of corrections has promulgated by rule.* [Emphasis added.]

Section 801.02(7) is mirrored by WIS. ADM. CODE § DOC 310.04,[6] which states:

> Before an inmate may commence a civil action or special proceedings against any officer, employe

---

[6] New administrative rules governing the ICRS under WIS. ADM. CODE ch. DOC 310 came into effect on August 4, 1997. Unless otherwise noted, all references to ch. DOC 310 hereinafter will be to the emergency rules which controlled at the time of Frasch's certiorari petition. Effective May 1, 1998, the ch. DOC 310 emergency rules were amended and promulgated as permanent rules.

> or agent of the department . . . the inmate is *required to file a complaint* under ss. DOC 310.09 or 310.10, receive a decision on the complaint under s. DOC 310.13, have an adverse decision reviewed under s. DOC 310.14, and be advised of the secretary's decision under s. DOC 310.14. [Emphasis added.]

The exhaustion requirement is further addressed by § DOC 310.08(3), providing that "[a]fter exhausting the appeal in DOC 302.19, 303.75 or 303.76, the ICRS may be used to challenge the procedure used by the adjustment committee or hearing officer." The Department contends that these provisions bar Frasch from seeking civil recourse until he has pursued a complaint through the ICRS. We agree.

■ In *State ex rel. Smith v. McCaughtry*, 222 Wis. 2d 68, 586 N.W.2d 63 (Ct. App. 1998), we recently addressed the availability of certiorari review and the exhaustion of remedies under the new ICRS rules. In *Smith*, the inmate filed a certiorari petition seeking review of procedural and nonprocedural errors purportedly committed by the disciplinary committee. *See id.* at 71, 586 N.W.2d at 64. Although the inmate alleged that he had exhausted his administrative remedies for nonprocedural errors, he failed to do the same for alleged procedural errors. *See id.* at 76, 586 N.W.2d at 66. We concluded that certiorari review could not be granted on any issue, procedural or nonprocedural, until after ICRS review of the procedural issues. *See id.* at 76, 586 N.W.2d at 66–67.

■ *Smith* is instructive to this case. First, we recognized that the "[f]ailure to plead exhaustion of remedies, where they are not shown to be futile, is fatal

to a complaint." *Id.* at 72, 586 N.W.2d at 65. In Frasch's case, he has failed to plead exhaustion of remedies. Next, we stated that "[t]here is no dispute that prisoners are required by § 801.02(7), STATS., to exhaust their administrative remedies before bringing an action, and that this requirement applies to certiorari actions for review of prison discipline." *Id.* Again, there is no indication that Frasch filed a complaint through the ICRS. Therefore, as we concluded in *Smith*, certiorari review is not available to Frasch until he has pursued administrative remedies through the ICRS.

█

Frasch suggests that because the warden's decision on appeal was "final" pursuant to WIS. ADM. CODE § DOC 303.76(7)(d), he has nonetheless exhausted his administrative remedies. In *Smith*, we recognized that the language in § DOC 303.76(7)(d) appears inconsistent with "the more general provisions about the ICRS in WIS. ADM. CODE ch. DOC 310." *Smith*, 222 Wis. 2d at 74, 586 N.W.2d at 66. However, we explained that

> the number and specificity of the changes in the current version of WIS. ADM. CODE ch. DOC 310 leave no ambiguity about the Department's intent. The intent is that procedural errors are within the scope of the ICRS, and as to those types of errors the warden's decision is no longer final.

*Id.* Here, the issues brought before the circuit court concerned the sufficiency of notice and the adequacy of the conduct report, both of which are procedural in nature. Because procedural errors are to be addressed through ICRS review, Frasch has failed to exhaust his administrative remedies.[7]

---

[7] Our conclusion is supported by an amendment to WIS. ADM. CODE § DOC 310.04 that did not appear in the emergency

Frasch further argues that, notwithstanding the exhaustion requirement, the supreme court's decision in *Bergmann v. McCaughtry*, 211 Wis. 2d 1, 564 N.W.2d 712 (1997), requires that we address the issue of notice under WIS. ADM. CODE § DOC 303.81(9). there, Bergmann, the inmate received written notice of his hearing rights and conduct reports for his rule violations pursuant to § DOC 303.76; however, he was not given a separate § DOC 303.81(9) notice. *See Bergmann*, 211 Wis. 2d at 5, 564 N.W.2d at 713. Bergmann (the inmate) did not appear at his hearing and he was found guilty of each violation. *See id.* at 5, 564 N.W.2d at 713–14. After the Department affirmed the hearing officer's decision, Bergmann filed a certiorari petition with the circuit court. *See id.* at 5, 564 N.W.2d at 714. The circuit court ruled on the issue of notice in favor of Bergmann without any mention of exhaustion of remedies. The court of appeals and the supreme court affirmed, concluding that an inmate must be given two written notices before a major conduct violation hearing—one under § DOC 303.76 and another under § DOC 303.81(9). *See Bergmann*, 211 Wis. 2d at 11, 564 N.W.2d at 716.

Because the issue of exhaustion of remedies was not before the *Bergmann* court, we are persuaded that the outcome in *Bergmann* carries little weight with respect to the instant case. In addition, the old ICRS

rules but is contained in the permanent rules. The rule now adds: "With respect to procedures used by the adjustment committee or hearing officer in a prison disciplinary action under ch. DOC 303, an inmate *shall* appeal to the warden under s. DOC 303.76 and file an inmate complaint under s. DOC 310.08(3) in order to exhaust administrative remedies." (Emphasis added.) *See State ex rel. Smith v. McCaughtry*, 222 Wis. 2d 68, 75 n.3, 586 N.W.2d 63, 66 (Ct. App. 1998).

rules applicable in *Bergmann* did not contain provisions regarding the exhaustion of remedies. We therefore conclude that *Bergmann*'s holding is not controlling.

We reverse the circuit court order and remand with instructions to dismiss Frasch's civil action.

*By the Court.*—Order reversed and cause remanded with directions.