STATE of Wisconsin EX REL. Spriggie HENSLEY, Plaintiff-Appellant,

v.

Jeffrey P. ENDICOTT, and Wisconsin Department of Corrections, Defendants-Respondents.†

Court of Appeals

*No. 00–0076. Submitted on briefs June 23, 2000.—Decided August 10, 2000.*

## 2000 WI App 189

(Also reported in 618 N.W.2d 245.)

†Petition to review granted.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Spriggie Hensley, pro se,* of Portage.

On behalf of the defendants-respondents, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Michael D. Oeser,* assistant attorney general.

Before Dykman, P.J., Eich and Vergeront, JJ.

¶ 1. EICH, J. Spriggie Hensley, a prison inmate, appeals an order dismissing his complaint for declaratory judgment on grounds that he failed to plead exhaustion of administrative remedies as required by WIS. STAT. § 801.02(7) (1997–98).[1]

¶ 2. Hensley's complaint challenged the constitutionality of WIS. ADMIN. CODE §§ DOC 309.04(4)(c)8.a., and DOC 309, IMP #1–A, which forbid inmates from receiving tapes and other materials deemed to be pornographic in nature through the mails. The circuit court concluded that, while Hensley's complaint satisfied the general conditions necessary for declaratory

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

relief,[2] it must nonetheless be dismissed for failure to allege that Hensley had exhausted his administrative remedies.

¶ 3. Declaratory judgment actions are governed by the Uniform Declaratory Judgments Act, WIS. STAT. § 806.04, which sets forth the general rules governing declaratory relief, and by WIS. STAT. § 227.40, which deals specifically with declaratory judgment proceedings contesting the validity of administrative rules. Under the latter statute, a declaratory judgment may be rendered "whether or not the plaintiff has first requested the agency to pass upon the validity of the rule" § 227.40(1). It also requires the court to "declare the rule invalid if it finds that it violates constitutional provisions." Section 227.40(4)(a).

¶ 4. The statute relied on by the circuit court in dismissing Hensley's action, WIS. STAT. § 801.02(7)(b), states that "[n]o prisoner may commence a civil action . . . with respect to the . . . conditions in the facility in which he or she has been incarcerated . . . until the person has exhausted all . . . remedies that the department of corrections has promulgated by rule." The department is correct in citing *State ex. rel. Smith v. McCaughtry*, 222 Wis. 2d 68, 72, 586 N.W.2d 63 (Ct. App. 1998), as stating that, under the statute, failure to plead exhaustion can be "fatal to a complaint." How-

___

[2] Under *Sipl v. Sentry Indem. Co.*, 146 Wis. 2d 459, 464, 431 N.W.2d 685 (Ct. App. 1988), in order for declaratory relief to be granted: (1) there must be a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) that controversy must be between parties whose interests are adverse; (3) the party seeking declaratory relief must have a legally protectible interest in the controversy; and (4) the issue involved must be ripe for judicial determination.

ever, the department's citation omits an important qualification. What we said in *Smith* was that the "failure to plead exhaustion of remedies, *where they are not shown to be futile, is fatal to a complaint." Id.* (emphasis added). And while perhaps few things can be called futile, attempting to have an administrative agency determine the constitutionality of a statute plainly fits that definition.

¶ 5. This is not a case where an inmate challenges an institution or agency policy, or a particular action in a particular case. Nor is it a complaint that a DOC rule is arbitrary or unwise or unneeded. In such cases we would be hard-pressed indeed to hold the exhaustion requirements inapplicable. But the issues Hensley raises in his action are not questions of the enforcement of, the wisdom behind, or the need for, the rules in question—or even their harshness or arbitrary effect. Rather, he claims they are unconstitutional; and that question is unsuited to resolution through an inmate complaint review process in a particular correctional institution. The constitutionality of a statute, or an administrative rule, is, perforce, a question for the courts. The inmate complaint review procedures, on the other hand, are directed toward "issues regarding rules, living conditions, and staff actions affecting [the] institution environment." *See* WIS. ADMIN. CODE §§ DOC 310.01 and 310.08.

¶ 6. We have found no Wisconsin cases precisely on point. The issue has come before the federal courts, however, and while lower federal court decisions are not binding in Wisconsin, we have often found such decisions to be "persuasive" on a particular question. *See State v. Boettcher*, 144 Wis. 2d 86, 96–97, 423 N.W.2d 533 (1988); *Streff v. Town of Delafield*, 190 Wis. 2d 348, 356–57, 526 N.W.2d 822 (Ct. App. 1994). That

is the situation here—especially with respect to Judge Doyle's decision in *Cravatt v. Thomas*, 399 F. Supp. 956 (W.D. Wis. 1975). In that case the district court considered the exhaustion requirement in relation to a constitutional challenge to conditions at a federal prison. The court recognized four policy bases underlying the exhaustion requirement: (1) that subsequent judicial review will be facilitated by allowing administrative agencies to exercise and apply their expertise in a given area; (2) that exhaustion will allow the agency to develop a factual record which will be of use and benefit in subsequent judicial proceedings; (3) that agencies should be given an opportunity to correct their own errors; and (4) that the agency may well grant all the relief requested, thus saving valuable judicial time. *See id.* at 969–70.[3]

¶ 7.   The court went on to state that exhaustion is "inappropriate" in cases where the issue is one of "constitutional or statutory interpretation" because the agency brings no particular expertise to the task, and there is "little likelihood that judicial resolution of the issue can eventually be avoided." *Id.* at 970. Another federal court presented with a similar issue agreed,

---

[3] Wisconsin courts have imparted a similar purpose to exhaustion requirements.

> The rules of exhaustion allow the administrative agency to perform the functions delegated to it by the legislature without interference by the courts. The doctrine allows the agency to apply its special competence and expertise and make a factual record. It also promotes finality of decision-making, prevents a multiplicity of suits and achieves an economy of judicial time.

*Local 913 v. Manitowoc County*, 140 Wis. 2d 476, 484, 410 N.W.2d 641 (Ct. App. 1987). Requiring Hensley to exhaust his ICRS and other institutional and administrative remedies in this case would not further any of those goals.

noting that constitutional questions are "beyond the competence of correctional officials to consider and arguably beyond their authority." *Green v. Nelson*, 442 F. Supp. 1047, 1052 (D.Conn. 1977). We share those sentiments.[4]

¶ 8.   We conclude, therefore, that to require Hensley to advance his constitutional challenges to the rules in question before his institution's complaint review committees and appeal personnel as a precondition to raising them is unnecessary. We therefore reverse the order of the circuit court.

*By the Court.*—Order reversed.

---

[4] The department argues that because it has the ability to modify and/or repeal its own rules, Hensley should exhaust institutional and departmental remedies. It is also true, however, that the department can, at any time, withdraw a modification or reinstate a repealed rule.

Beyond that, Hensley's action seeks a declaration that the challenged rules are void because they violate one or more provisions of the United States and Wisconsin Constitutions; and that is a question for the courts, not for institutional committees or correctional agencies, to determine.