COURT OF APPEALS
DECISION
DATED AND FILED

July 1, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1738**

Cir. Ct. No. **2018CV2812**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN EX REL. MICHAEL ANTHONY TURNER,

    PETITIONER-APPELLANT,

 V.

CATHY JESS,

    RESPONDENT-RESPONDENT.

---

        APPEAL from orders of the circuit court for Dane County: FRANK D. REMINGTON, Judge. *Affirmed*.

        Before Fitzpatrick, P.J., Kloppenburg, and Nashold, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Michael Anthony Turner, pro se, appeals the circuit court's order dismissing his petition for a writ of certiorari. Turner also appeals the court's order denying his motion for reconsideration. Turner's appellate briefing raises a number of issues relating to prison disciplinary proceedings and internal inmate complaints that he filed. We conclude that our review is limited to the matters raised in Turner's inmate complaint OSCI-2018-12461, and we uphold the agency decision dismissing that complaint. Accordingly, we affirm the circuit court.

## BACKGROUND

¶2 Turner is incarcerated at Oshkosh Correctional Institution. On April 14, 2018, he was placed in temporary lock up in a restrictive housing unit. At that time, prison officials packed up and inventoried Turner's belongings to be sent to the restrictive housing unit. Turner was in possession of a number of prohibited items and, as a result, he received a conduct report. The prison disciplinary committee found him guilty of the allegations in the conduct report, and the warden affirmed the committee's decision on May 28, 2018.

¶3 Shortly after his release from temporary lock up, Turner filed inmate complaint OSCI-2018-12461 with prison officials. Turner alleged that his drawing board and his oscillating fan were missing from his property and never returned to him. He further alleged that these items could not have been properly confiscated as contraband because they were not listed among the prohibited items in his conduct report. Around the same time, Turner also filed inmate complaints OSCI-2018-12856 and OSCI-2018-10939. In those complaints, Turner raised additional issues relating to the disciplinary proceedings and confiscation of his belongings.

¶4 Prison officials disposed of complaints OSCI-2018-12856 and OSCI-2018-10939 on June 25, 2018, and July 17, 2018, respectively. The final disposition of Turner's complaint OSCI-2018-12461 did not occur until August 17, 2018, when the Secretary of the Department of Corrections dismissed the complaint based on an examiner's factual findings. Turner filed his petition for a writ of certiorari on October 2, 2018.

¶5 The circuit court concluded that Turner's petition's arguments relating to the disciplinary proceedings and complaints OSCI-2018-12856 and OSCI-2018-10939 were time barred or otherwise procedurally barred. The court rejected Turner's challenge to the Secretary's decision in complaint OSCI-2018-12461 on the merits. We reference additional facts as needed below.

## DISCUSSION

¶6 Turner's appellate briefing raises a number of issues relating to the disciplinary proceedings and his inmate complaints. As noted above, however, we conclude that our review is limited to matters raised in complaint OSCI-2018-12461.

¶7 First, Turner's petition for a writ of certiorari states that he sought review only of complaint OSCI-2018-12461. The petition states: "I hereby ask the court to review the August 17, 2018 decision of the complaint, #2018-12461." Similarly, the exhibits Turner attached to his petition all pertain to complaint OSCI-2018-12461.

¶8 Second, even if we construed Turner's petition to encompass the decisions in his disciplinary proceedings and in complaints OSCI-2018-12856 and OSCI-2018-10939, Turner does not persuade us that his petition was timely as to

3

those decisions.[1] Under WIS. STAT. § 893.735(2),[2] "[a]n action seeking a remedy available by certiorari made on behalf of a prisoner is barred unless commenced within 45 days after the cause of action accrues," and "[t]he 45-day period shall begin on the date of the decision or disposition." Here, Turner filed his petition more than 45 days after the decisions in his disciplinary proceedings and in complaints OSCI-2018-12856 and OSCI-2018-10939.[3]

¶9     Turner contends that the 45-day deadline to seek certiorari review of these decisions was tolled until August 17, 2018, when the Secretary issued her final decision dismissing complaint OSCI-2018-12461. Turner relies on case law supporting the proposition that prisoners must wait to seek certiorari review of disciplinary proceedings until they exhaust any procedural challenges to the proceedings through the inmate complaint process. *See State ex rel. Frasch v. Cooke*, 224 Wis. 2d 791, 796, 592 N.W.2d 304 (Ct. App. 1999) (discussing *State ex rel. Smith v. McCaughtry*, 222 Wis. 2d 68, 586 N.W.2d 63 (Ct. App. 1998)). However, Turner did not challenge procedural aspects of his disciplinary proceedings in complaint OSCI-2018-12461. Accordingly, we are not persuaded that this case law applies here to toll the time limits as Turner contends.

---

[1] We will assume, without deciding, that each of these decisions was a final agency decision reviewable by certiorari.

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[3] WISCONSIN STAT. § 893.735(2) contains an exception for extending the time to seek certiorari "by as many days as the prisoner proves have elapsed between the decision or disposition and the prisoner's actual notice of the decision or disposition." Turner does not contend that this exception applies here.

¶10 Turner additionally contends that the 45-day deadline was tolled while he waited to receive his "three-strikes" certification from the department of justice. He asserts that he requested the certification on August 31, 2018, and that he did not receive the certification until September 19 or 20, 2018. Even assuming that the 45-day deadline was tolled from August 31, 2018, to September 19 or 20, 2018, Turner's petition was still untimely except as to the Secretary's decision in complaint OSCI-2018-12461.[4]

¶11 Having explained why we limit our review to the matters raised in complaint OSCI-2018-12461, we turn our attention to the substance of that complaint. As stated above, Turner alleged in the complaint that his drawing board and fan were missing and never returned to him, and that these items could not have been properly confiscated because they were not listed among the prohibited items in his conduct report.

¶12 Turner's complaint was investigated and reviewed by an institution complaint examiner. The examiner found that what Turner called his "drawing board" was actually a "particle board" that was listed among the prohibited items. As for Turner's fan, the examiner found that it had been properly secured by prison staff per prison procedure when Turner was sent to the restrictive housing unit. The examiner based this finding primarily on a standard inventory form

---

[4] As previously noted, the last of the decisions in Turner's disciplinary proceedings and in complaints OSCI-2018-12856 and OSCI-2018-10939 was issued on July 17, 2018. Forty-five days from July 17, 2018, was August 31, 2018, the same date that Turner states he requested his three-strikes certification. Thus, at most, Turner's time to file a certiorari petition from the July 17, 2018 decision would have been tolled until September 20 or 21, 2018, one day after he states that he received the certification. However, Turner did not file his petition until October 2, 2018. As to the decisions issued before the July 17, 2018 decision, the time to file a certiorari petition had already elapsed by the time Turner requested his three-strikes certification.

listing Turner's property that was packed up for transfer to the restrictive housing unit. The inventory form listed a fan. The examiner also found that there was no evidence to indicate that the fan was lost due to the negligence of prison staff or while under staff control. In dismissing Turner's complaint, the Secretary adopted the examiner's findings.

¶13    "The scope of our review on certiorari is identical to that of the trial court." *State ex rel. Ortega v. McCaughtry*, 221 Wis. 2d 376, 385-86, 585 N.W.2d 640, 646 (Ct. App. 1998). "We decide the merits of the matter independently of the trial court's decision." *Id.* at 386. Our review is "limited to whether the agency's decision was within its jurisdiction, the agency acted according to law, its decision was arbitrary or oppressive[,] and the evidence of record substantiates the decision." *Id.* at 385.

¶14    Turner's briefing fails to adequately take into account our limited standard of review, but we will liberally construe his briefing as presenting a challenge to whether the record substantiates the Secretary's decision. "The evidentiary test on certiorari review is the substantial evidence test, under which we determine whether reasonable minds could arrive at the same conclusion the [agency] reached." *Id.* at 386. "The facts found by the [agency] are conclusive if supported by any reasonable view of the evidence, and we may not substitute our view of the evidence for that of the [agency]." *Id.* (quoted sources and internal quotations omitted).

¶15    We reject Turner's challenge to the Secretary's decision because Turner does not direct our attention to evidence in the record that contradicts the Secretary's findings or shows that the Secretary's view of the evidence was not "any reasonable view of the evidence." *See id.* Turner appears to advance the

alternative view that prison staff intentionally failed to return his fan and other belongings as retaliation after he witnessed a sexual act between a staff member and an inmate in March 2018. Turner does not, however, point to evidence that substantiates his retaliation theory, let alone point to evidence that would establish this theory as the only reasonable view of the evidence.

¶16     Turner argues that the Secretary's decision is contradictory to a written statement by the prison disciplinary committee in his disciplinary proceedings. The statement appears in the record and reads: "Hearing committee reviewed the evidence and notes that the accused did have in his possession the fan." Without further explanation by Turner, we are unable to see how this statement might be read to contradict the Secretary's decision, or to support Turner's retaliation theory. Turner's reliance on this statement is not persuasive.

¶17     In sum, for the reasons stated above, we affirm the circuit court.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.