STATE of Wisconsin EX REL. Mark Anthony ADELL, Petitioner-Appellant,

v.

Judy SMITH, Warden, Oshkosh Correctional Institution, Respondent-Respondent.

Court of Appeals

*No. 00–0070. Submitted on briefs May 11, 2001.—Decided July 18, 2001.*

2001 WI App 168

(Also reported in 633 N.W.2d 231.)

On behalf of the petitioner-appellant, the cause was submitted on the brief of *Mark Anthony Adell*, pro se.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Chris J. Paulsen*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Brown, P.J., Nettesheim and Anderson, JJ.

¶ 1. ANDERSON, J. Mark Anthony Adell appeals a trial court order dismissing his petition for a writ of certiorari. After granting waiver of prepayment of costs and fees under WIS. STAT. § 814.29 (1999–2000),[1] the trial court raised the issue of whether Adell's certiorari petition satisfied the requirements set forth in WIS. STAT. § 802.05(3)(b)4. This section provides that the court shall dismiss a claim without requiring an answer by the respondent if the court determines that the action fails to state a claim upon which relief may be granted. *Id.* The trial court dismissed Adell's petition for certiorari review after it concluded that Adell failed to state a claim upon which relief may be granted. We disagree with the trial court's conclusion. The facts in Adell's petition establish a claim for relief. We remand the matter to the trial court for proceedings consistent with this opinion.

[1] WISCONSIN STAT. § 814.29 (1999–2000) covers security for costs, service and fees for indigents including the rules and procedures regarding a prisoner request for leave to commence or defend an action, special proceeding, writ of error or appeal without being required to prepay the fees or costs or without being required to give security for costs. *Id.*

All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

## Relevant Facts

¶ 2.    In October 1999, Adell filed a challenge to his inmate record in a letter to the warden of Oshkosh Correctional Institution, Judy Smith. In his challenge, Adell complained that his prison file contained erroneous and damaging comments about his performance related to his prison work assignment. He further complained that the erroneous and damaging information had been introduced into his file in a manner inconsistent with institution policies and procedures. For these reasons, Adell asked Smith to expunge the information he deemed erroneous and damaging from the prison file.

¶ 3.    Smith reviewed and denied Adell's expungement request. Adell then sought judicial review of Smith's decision. He applied for *in forma pauperis* status to proceed with a petition for writ of certiorari. After review, the trial court granted a waiver of prepayment of fees and costs, but then dismissed the petition pursuant to Wis. Stat. § 802.05(3)(b)4 on the grounds that the allegations in Adell's petition were "conclusory" in nature and did not establish a claim upon which relief may be granted.

## Standard of Review

¶ 4.    A trial court may dismiss a prisoner's cause of action if the proposed action states no claim upon which the court may grant relief. Wis. Stat. § 802.05(3)(b)4. Prior to September 1, 1998, an indigent party who stated a claim upon which relief may be granted could commence or defend an action or proceeding without paying or giving security for the fees or costs of the action or proceeding. Wis. Stat. § 814.29(1)(a), (c) (1997–98); *see also State ex rel. Luedtke v. Bertrand*, 220

Wis. 2d 574, 578, 583 N.W.2d 858 (Ct. App. 1998), *aff'd,* 226 Wis. 2d 271, 594 N.W.2d 370 (1999). On September 1, 1998, the Prisoner Litigation Reform Act (PLRA), 1997 Wis. Act 133, took effect. Under the PLRA, which addresses the payment of litigation fees and costs by prisoners, the fees and costs are no longer forgiven for indigent prisoners.[2] Rather, a scheme is created for determining how and from what funds the prisoner will pay the fees and costs, either by payment at the time the action or proceeding is commenced or on an installment basis.[3]

---

[2] Under Wis. Stat. § 814.29(3)(b) (1997–98), as it existed prior to the PLRA, an inmate was liable for previously waived fees and costs if judgment was entered in favor of the opposing party. The PLRA adjusts the manner in which fees and costs are collected from the inmate's accounts.

[3] In the trial court's memorandum decision/order, attached to the form dismissal order, the trial court stated, "[w]hen presented with request for approval for filing a civil action, without prepayment of costs, the court must review the request for relief to see if it states a claim upon which relief can be granted." This is a slight misstatement of the two-step process governing prisoner lawsuits.

An indigent prisoner may apply for waiver of prepayment of costs and fees in filing an action; at this first stage, the court does *not* evaluate the substantive merits of the prisoner's claim but only examines the submissions to determine if the prisoner has submitted all required documentation pursuant to Wis. Stat. § 814.29(1m)(a)1, (1m)(b)2 and (c)2, 801.02(7)(c) and (d), and 802.05(3)(c). If the prisoner has submitted all the required documentation, waiver of prepayment of costs and fees must be granted without thought to the merits of the claim.

The second step occurs after this waiver process or after the prisoner pays the filing fees and costs up front. Pursuant to Wis. Stat. § 802.05(3)(b), the trial court may dismiss a prisoner's action, indigent or not, without requiring a responsive pleading

¶ 5. In WIS. STAT. § 802.05(3)(b)4, the fee waiver standard for deciding whether a proposed action states a claim is the same standard that is applied when considering a motion to dismiss in an ordinary civil case for "[f]ailure to state a claim upon which relief can be granted." *See* WIS. STAT. § 802.06(2)(a)6. In Wisconsin, a civil pleading need not define issues or state detailed facts; only "fair notice" is required. *Hertlein v. Huchthausen*, 133 Wis. 2d 67, 72, 393 N.W.2d 299 (Ct. App. 1986). Thus, a complaint should be dismissed as legally insufficient "only if it is quite clear that under no conditions can a plaintiff recover." *Jensen v. Christensen & Lee Ins., Inc.*, 157 Wis. 2d 758, 763–64, 460 N.W.2d 441 (Ct. App. 1990). This principle applies especially to pro se pleadings, such as those here, because pro se complaints of prisoners must be construed liberally in determining whether stated facts give rise to a cause of action. *Lewis v. Sullivan*, 188 Wis. 2d 157, 164–65, 524 N.W.2d 630 (1994). Further, if the facts pleaded reveal an apparent right to recover under *any* legal theory, they are sufficient as a cause of action. *Hillcrest Golf & Country Club v. City of Altoona*, 135 Wis. 2d 431, 434–35, 400 N.W.2d 493 (Ct. App. 1986). The facts pleaded must be taken as true, but legal conclusions need not be accepted. *Morgan v. Pa. Gen. Ins. Co.*, 87 Wis. 2d 723, 731, 275 N.W.2d 660 (1979). Whether a claim for relief exists is a question of law that we determine independently. *Paskiet v. Quality State Oil Co.*, 164 Wis. 2d 800, 805, 476 N.W.2d 871 (1991).

if, after examining the prisoner's pleadings, the court determines that the action is frivolous, used for an improper purpose, seeks monetary damages from an immune defendant, or fails to state a claim upon which relief can be granted.

## Analysis

██

¶ 6. We begin and end our analysis by determining the dispositive issue of whether Adell's petition states a claim for relief. Notice giving is the primary purpose of pleading under the rules of civil procedure adopted by the supreme court in 1976. *Hertlein,* 133 Wis. 2d at 72. Other functions served by pleadings under former laws, such as stating the facts and defining the issues, have been shifted to discovery and pretrial motion practice. *Id.* WISCONSIN STAT. § 802.02 adopted "notice pleading" and is based on Federal Rule 8(a), a "liberal" rule allowing the litigants to "plead generally and discover the precise factual basis for [the] claim through equally liberal . . . discovery procedures." *See Morrison v. City of Baton Rouge,* 761 F.2d 242, 244 (5th Cir. 1985). Under notice pleading, a complaint or counterclaim need only give the other party fair notice of what the claim is and the grounds upon which it rests. *Hertlein,* 133 Wis. 2d at 72.

¶ 7. Moreover, our supreme court has long adhered to the view that pro se prisoner complaints must be construed liberally to determine if the complaint states any facts giving rise to a cause of action. *Amek bin-Rilla v. Israel,* 113 Wis. 2d 514, 520, 335 N.W.2d 384 (1983). When presented with a prisoner's pro se petition, we must look to the facts stated in the document to determine whether the petitioner may be entitled to relief if the facts alleged are proved. *See id.*

¶ 8. Liberally construing Adell's petition, we determine that he asserts facts that, if proved, might entitle him to relief. First, Adell claims that comments in his inmate records stating he has an attitude problem are erroneous. Second, Adell claims these comments were documented in his records in a manner

inconsistent with Department of Corrections (DOC) policy. Third, Adell claims that these comments have directly harmed his program review classification prospects, his potential parole prospects, and the consideration given to his future prison work assignments. Finally, Adell claims that he was denied due process "if" his program supervisor, Sergeant Kenneth Hazen, made the negative comments in Adell's records for the purpose of retaliating against him because he had previously lodged complaints against Hazen.

¶ 9. At its core, Adell's petition asserts that he has suffered injury due to allegedly erroneous negative comments documented in his inmate records in a manner inconsistent with DOC policy. In his petition, Adell refers to and provides a copy of the relevant institution policy. The policy directs that an inmate may be counseled if at any time he is not doing his job in an acceptable manner and that if he is counseled, a counseling notation regarding his unacceptable job performance should be placed on the inmate's face/warning card. The policy does offer alternatives other than counseling in this situation, but the relevant point here is that if counseling is the chosen resolution, a notation should be made on the counseled inmate's face/warning card. Adell provides proof that the method of resolution chosen by his supervisors was counseling. (In his petition, Adell includes a November 1, 1999 letter to him from Warden Smith which confirms that Adell was counseled on October 20, 1999, regarding his attitude and performance.) Adell claims that his face/warning card does not contain any negative performance notations. He claims, and we agree, that this lack of notation on his face/warning card, if true, is inconsistent with institution policy.

¶ 10. In addition, Adell cites and provides a copy of other relevant institution policy which states that "[i]f poor job performance continues, an <u>Inmate Performance Evaluation</u> should reflect so. . . . It is important to document poor work performance as it occurs progressively." Adell claims that Hazen's comments regarding Adell's bad attitude are not only erroneous but fall short of the "progressive documentation" that is required by institution policy. Adell also claims that Hazen's comments were improperly relied upon by the reviewing committee for Adell's security classification.

¶ 11. Adell's security classification is "medium custody." An inmate's security classification impacts his or her program review classification prospects, his or her potential parole prospects, and the consideration given to his or her future prison work assignments. WIS. ADMIN. CODE § DOC 302.12, 302.14. Adell cites and includes a copy of his "Program Review Inmate Classification Summary," which shows that the reviewing committee gave Adell a medium custody classification despite the recommendation of a minimum custody classification from the reviewing social worker. The "Program Review Inmate Classification Summary" demonstrates that the reviewing committee, in making its medium custody recommendation, considered Adell's record of adjustment while on supervision and his performance in programs.[4] Under § DOC 302.14, these are legitimate factors to consider when giving a security classification to an inmate. However, it follows that if the information considered is negative and

---

[4] The committee cited WIS. ADMIN. CODE § DOC 302.14 that lists the factors that may be taken into consideration in assigning a security classification to an inmate.

erroneous, the inmate can be injured by receiving a classification more stringent than the one he or she could be found eligible for if the information considered was not negative and erroneous. We hold that Adell has alleged facts that, if true, may entitle him to some form of relief (i.e., a less stringent security classification).[5]

*By the Court.*—Order reversed and cause remanded.

---

[5] Without addressing the due process part of Adell's claim, we have determined that he alleges sufficient facts to state a claim upon which relief may be granted. We therefore choose not to address the due process issue and will leave this to the trial court. *Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983).