STATE of Wisconsin EX REL. Berrell FREEMAN,
Petitioner-Appellant,

v.

Gerald BERGE, Respondent-Respondent.

Court of Appeals

*No. 01–3162. Submitted on briefs April 17, 2002.—Decided
July 11, 2002.*

2002 WI App 213

(Also reported in 651 N.W.2d 881.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of the pro se plaintiff-appellant *Berrell Freeman.*

On behalf of the respondent-respondent, the cause was submitted on the brief of *Stan Davis,* assistant attorney general, and *James E. Doyle,* attorney general.

Before Vergeront, P.J., Dykman and Deininger, JJ.

¶ 1. VERGERONT, P.J. Berrell Freeman appeals the circuit court order dismissing his petition for a writ of habeas corpus seeking release from administrative confinement at Supermax Correctional Institution (SMCI) and transfer from SMCI. The circuit court construed the pleading as a petition for certiorari review of an administrative decision and dismissed it on the ground that Freeman had not alleged exhaustion of his administrative remedies. We conclude the petition does allege exhaustion of the available administrative remedies for the decision placing him in administrative confinement at SMCI, and therefore the court erred in dismissing the petition insofar as it seeks review of that decision. Insofar as the petition seeks review of the disciplinary decision at the Whiteville facility and review of the decision to transfer him to SMCI, we conclude the petition was properly dismissed for the reasons we explain below. We therefore affirm in part, reverse in part, and remand for further proceedings.

240

## BACKGROUND

¶ 2. Freeman's petition alleges as follows:[1] On November 30, 1999, there was a disturbance at the correctional facility in Whiteville, Tennessee, where Freeman was then incarcerated. He was charged in a disciplinary report with participating in an insurrection and related charges, and was found guilty after a hearing held on December 9, 1999. As a result, his classification was increased to maximum custody, and on December 10, 1999, he was transferred to SMCI in Boscobel, Wisconsin. Freeman appealed the decision of the hearing officer to the warden at the Whiteville facility. He contended there were a number of procedures that violated applicable regulations and his right to due process. The warden denied the appeal on January 13, 2000, by which time Freeman was already at SMCI.

¶ 3. Upon arriving at SMCI, Freeman was placed in temporary lockup (TLU). On April 19, 2000, the administrative confinement review committee (ACRC) decided to place Freeman in administrative confinement at SMCI for these stated reasons: the violent nature of his committing offense; his leadership role in the disturbance at Whiteville; and his involvement with the Gangster Disciples. On October 18, 2000, the ACRC decided to continue Freeman's placement in administrative confinement.

¶ 4. Freeman filed a complaint with the inmate complaint examiner (ICE) on May 21, 2001, asserting that his placement violated WIS. ADMIN. CODE § DOC 303.01, which provides that the Department of Corrections (DOC) may not discipline an inmate for an inci-

---

[1] Attached to the petition are various documents that we treat as part of the petition.

dent for which the inmate was disciplined in another institution. In the box labeled "Date of Incident or Denial of Request," he wrote "ongoing." The ICE recommended dismissal of the complaint on the grounds that Freeman was placed in administrative confinement after a hearing; it is a non-punitive status; and it is not punishment for what occurred in Tennessee.

¶ 5. The reviewer adopted the ICE recommendation in a decision dated June 28, 2001. That decision advised Freeman that he had ten calendar days to appeal the decision to the Corrections Complaint Examiner (CCE). Freeman appealed on July 3, 2001, contending that he was transferred to SMCI and placed in administrative confinement as the result of a disciplinary hearing that violated his right to due process. Freeman was notified on July 20, 2001, that his appeal had been received and that, if he did not receive a decision or other notice within forty-seven working days, he could write directly to the secretary of DOC. Freeman did write to the secretary of DOC, and in a letter dated September 14, 2001, he was advised that on August 3, 2001, the CCE's "decision was to dismiss the complaint [and] [t]he Deputy Secretary has 47 working days to make her decision." As of October 1, 2001, Freeman had not received a decision from the secretary or deputy secretary of DOC.

¶ 6. The summons and petition for writ of habeas corpus in this action were filed in the circuit court on November 7, 2001. The petition asserted that because the December 9, 1999 hearing violated Freeman's right to due process, all actions taken as a result, including the decision to transfer him to SMCI and the decision to place him in administrative confinement, "must be voided."

¶ 7. Acting under Wɪs. Sᴛᴀᴛ. § 802.05(3) (1999–2000),[2] the circuit court reviewed the petition before any responsive filing. The court determined that relief by habeas corpus was not available to Freeman because he had an adequate remedy at law to challenge his administrative confinement—review by certiorari. Rather than dismissing the petition for that reason, the court construed it as a petition for review by certiorari. The court then analyzed whether Freeman had exhausted his administrative remedies as required by Wɪs. Sᴛᴀᴛ. § 801.02(7)(b) and Wɪs. Aᴅᴍɪɴ. Cᴏᴅᴇ § DOC 310.04.[3] Relying on Wɪs. Aᴅᴍɪɴ. Cᴏᴅᴇ § DOC 310.09(3),

---

[2] Wɪsᴄᴏɴsɪɴ Sᴛᴀᴛ. § 802.05(3) provides in part:

(3) (a) A court shall review the initial pleading as soon as practicable after the action or special proceeding is filed with the court if the action or special proceeding is commenced by a prisoner, as defined in s. 801.02(7)(a) 2.

(b) The court may dismiss the action or special proceeding under par. (a) without requiring the defendant to answer the pleading if the court determines that the action or special proceeding meets any of the following conditions:

1. Is frivolous, as determined under s. 814.025(3).

2. Is used for any improper purpose, such as to harass, to cause unnecessary delay or to needlessly increase the cost of litigation.

3. Seeks monetary damages from a defendant who is immune from such relief.

4. Fails to state a claim upon which relief may be granted.

All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[3] Wɪsᴄᴏɴsɪɴ Sᴛᴀᴛ. § 801.02(7)(b) provides in part:

(b) No prisoner may commence a civil action or special proceeding, including a petition for a common law writ of certiorari, with respect to the prison or jail conditions in the facility in which he or she is or has been incarcerated, imprisoned or

the court concluded that Freeman should have filed a complaint with the ICE within fourteen days of January 13, 2000, the date on which the warden at the Whiteville facility denied his appeal of the Whiteville hearing officer's decision. Therefore, the court dismissed the pleading under § 802.05(3)(b)4 for failure to state a claim.[4]

¶ 8. Freeman moved for reconsideration, contending that DOC waived any time limit because the ICE accepted and acted on his complaint, and the court was therefore without authority to raise the time limit on its own. The court rejected both arguments and denied the motion.

¶ 9. The court first decided that DOC had not waived the time limit. The court construed Freeman's inmate complaint as challenging his placement at SMCI and his court petition as challenging the procedural errors of the December 9, 1999 disciplinary hearing procedures. The court reasoned that DOC did not waive the time limit for filing an inmate complaint to chal-

detained until the person has exhausted all available administrative remedies that the department of corrections has promulgated by rule . . . .

WISCONSIN ADMIN. CODE § DOC 310.04 provides in part:

**Exhaustion of administrative remedies**. Before an inmate may commence a civil action or special proceedings against any officer, employe or agent of the department in the officer's, employe's or agent's official or individual capacity for acts or omissions committed while carrying out that person's duties as an officer, employe or agent or while acting within the scope of the person's office, the inmate shall file a complaint under s. DOC 310.09 or 310.10, receive a decision on the complaint under s. DOC 310.12, have an adverse decision reviewed under s. DOC 310.13, and be advised of the secretary's decision under s. DOC 310.14.

[4] The court concluded that the other three grounds for dismissal under WIS. STAT. § 802.05(3)(b) were not applicable.

lenge the disciplinary decision by accepting a complaint on Freeman's SMCI placement. Alternatively, the court reasoned that, even if Freeman's inmate complaint were construed as challenging the disciplinary hearing procedures, DOC's failure to dismiss that complaint as untimely was harmless error because it did not prejudice Freeman.[5]

¶ 10. The court also decided that it had the authority to consider whether Freeman had exhausted his administrative remedies, because he was required to do so under Wis. Stat. § 801.02(7)(b), and was required to plead that he had done so under *State ex rel. Smith v. McCaughtry*, 222 Wis. 2d 68, 72, 586 N.W.2d 63 (Ct. App. 1998).

## DISCUSSION

¶ 11. On appeal Freeman renews the arguments in his motion for reconsideration—that DOC had exercised its option not to invoke the fourteen-day time limit against him and the circuit court therefore did not have the authority to consider that time limit.

---

[5] The court relied on Wis. Admin. Code § DOC 303.87 which provides:

> **Harmless error.** If staff does not adhere to a procedural requirement under this chapter, the error is harmless if it does not substantially affect a finding of guilt or the inmate's ability to provide a defense.

Although we explain later in this decision other reasons why the court's harmless error analysis was incorrect, we also observe that Wis. Admin. Code § DOC 303.87 applies only to procedural requirements "under this chapter." "[T]his chapter" is "Chapter DOC 303—Discipline." Therefore, § DOC 303.87 does not apply to the ICRS, which is established in Wis. Admin. Code ch. DOC 310—Complaint Procedures.

¶ 12. Resolution of these issues requires that we interpret the statutes and regulations that govern review of DOC decisions and analyze the petition to determine whether it states a claim for relief. These are all questions of law, which we review de novo. *See State ex rel. Treat v. Puckett*, 2002 WI App 58, ¶ 9, 252 Wis. 2d 404, 643 N.W.2d 515; *Randall v. Randall*, 2000 WI App 98, ¶ 16, 235 Wis. 2d 1, 612 N.W.2d 737; *Smith*, 222 Wis. 2d at 71. When deciding whether a petition or complaint states a claim for relief, we take all facts pleaded and all inferences that can be reasonably derived from those facts as true. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 317, 401 N.W.2d 816 (1987). We dismiss a petition or complaint as legally insufficient "only if it is quite clear that under no conditions can [a petitioner or] a plaintiff recover." *State ex rel. Adell v. Smith*, 2001 WI App 168, ¶ 5, 247 Wis. 2d 260, 633 N.W.2d 231 (citation omitted).

¶ 13. Under WIS. STAT. § 802.05(3)(b), the circuit court plainly has the authority to dismiss this action before requiring a response from the respondent if the complaint does not state a claim for relief. Freeman is required by WIS. STAT. § 801.02(7)(b) to exhaust all available administrative remedies that DOC has promulgated by rule, and he must plead satisfaction of this requirement as one component of stating a claim for relief. *Smith*, 222 Wis. 2d at 72, 79.[6] Therefore, the

---

[6] In *State ex rel. Smith v. McCaughtry*, 222 Wis. 2d 68, 71, 586 N.W.2d 68 (1988), we considered the circuit court's denial of a prisoner's petition to proceed *in forma pauperis* under WIS. STAT. § 814.29 (1997–98). We recognize that at least one federal circuit has stated that a prisoner's failure to exhaust adminis-

circuit court in this case properly reviewed the petition, including the attachments, to determine whether it alleged facts from which the court could conclude that Freeman had exhausted available administrative remedies.

¶ 14. We agree with the circuit court that Freeman's inmate complaint did not challenge the procedural errors of the December 9, 1999 disciplinary hearing. Freeman does not argue that he did not have to file a complaint with the inmate complaint review system (ICRS) challenging the procedural errors at that hearing before challenging the decision in a court action.[7] Therefore, we do not consider this issue further.

¶ 15. However, we disagree with the court's conclusion that Freeman is appealing only the decision of the Whiteville disciplinary officer that he is guilty of

---

trative remedies, at least absent a finding that the failure to exhaust permanently bars the suit, does not constitute failure to state a claim under a federal statutory provision similar to WIS. STAT. § 802.05(3)(b), or under the federal "three strikes" provision that is similar to WIS. STAT. § 801.02(7)(d). *Snider v. Melindez*, 199 F.3d 108, 112, 115 (2nd Cir. 1999). We need not examine here whether the *Snider* reasoning is persuasive because (1) if Freeman has failed to exhaust administrative remedies, the time limits are such that he cannot now cure that, and (2) we are not dismissing the entire petition.

[7] WIS. ADMIN. CODE § DOC 310.08(3) provides that after exhausting appeals of disciplinary decisions under WIS. ADMIN. CODE §§ DOC 303.75 or 303.76, an inmate may use the ICRS to challenge the procedure used by the adjustment committee or hearing officer. Since Freeman does not argue that the ICRS is not available for this purpose when the disciplinary hearing took place at an out-of-state facility, we do not address this issue.

certain offenses. Liberally construing the petition as we are required to do, *Adell*, 2001 WI App 168 at ¶ 6, we are satisfied that he is also appealing the decision to transfer him to SMCI and the decision to place him in administrative confinement at SMCI. From the petition, it appears that the decision to transfer him to SMCI was made by a program review committee (PRC) on December 9, 1999;[8] the decision to place him in administrative confinement at SMCI was made by the ACRC at SMCI. True, the decision of the Whiteville hearing officer is related to the decisions Freeman challenges, in that he alleges that the reason for his transfer to SMCI and for placement there in administrative confinement is the decision of the Whiteville hearing officer; and he further alleges that the procedural deficiencies in that hearing preclude reliance on that decision in the transfer and placement decisions. However, the decisions, though related according to the petition, are each made by different personnel employing different standards.[9] We conclude the petition suf-

---

[8] Freeman alleges: "On December 9, 1999 [he] was PRC'd to SMCI solely because he was found guilty at the procedurally defective hearing of December 9, 1999 . . . [a]nd his custody was raised to Maximum."

[9] The disciplinary decision was made by a hearing officer employed by Whiteville, presumably based on the disciplinary code of that institution. The PRC was apparently a committee made up of personnel at Whiteville that recommended changes in classifications and institutional placement to the DOC classification chief, applying WIS. ADMIN. CODE ch. DOC 302. *See Treat v. Puckett*, 2002 WI App 58, ¶ 7 n.4, 252 Wis. 2d 404, 643 N.W.2d 515 (ch. DOC 302, which governs program review procedures, has been amended effective February 1, 2002, to expressly apply to all facilities that DOC contracts with for services to inmates, *see* WIS. ADMIN. CODE § DOC 302.03(10) (Register, Jan. 2002, No. 553)). Decisions on administrative

ficiently alleges that Freeman is appealing the PRC's decision to transfer him to SMCI and the ACRC's decision to place him in administrative confinement at SMCI. We therefore turn to the DOC regulations governing administrative review of these two decisions.

¶ 16. The ICRS is available for review of "significant issues regarding rules, living conditions, and staff actions affecting institution environment," with certain exceptions. Wis. Admin. Code § DOC 310.08(1). One exception is a PRC decision. Section DOC 310.08(2)(b). However subsec. (3) provides that "an inmate may use the ICRS to challenge the procedure used by ... a program review committee."[10] There is no exception that applies to the ACRC decision, and we address administrative review of that decision first.

■

¶ 17. The first step in the ICRS is filing a complaint with the ICE, and this must be done "within 14 calendar days after the occurrence giving rise to the complaint, except that the institution complaint examiner may accept a late complaint for good cause." Wis. Admin. Code § DOC 310.09(3). Freeman filed his complaint with the ICE on May 21, 2001. He described the "Date of Incident or Denial of Request" as "ongoing." It is not entirely clear from the wording of his complaint whether he is complaining about being at SMCI or being in administrative confinement or both. The ICE

confinement at SMCI are made by a committee appointed by the warden of SMCI, Wis. Admin. Code § DOC 308.03(1), and are governed by Wis. Admin. Code ch. DOC 308.

[10] Wisconsin Admin. Code § DOC 310.08(3) also provides that before doing so the inmate must "exhaust[] ... the appeal in s. DOC 302.19." The only appeal provided for in § DOC 302.19 (Register, June 1994, No. 462) is for appeals of PRC decisions on program assignments. See § DOC 302.19(9).

did not dismiss the complaint based on untimeliness, but instead recommended dismissal on the merits—that administrative confinement is not punitive—and the reviewer adopted that recommendation.[11]

¶ 18. It is not clear from the ICE's recommended decision and the reviewer's adoption of that recommendation, both of which are attached to the petition, why Freeman's complaint was not rejected as untimely. It may be because an inmate's progress in administrative confinement must be reviewed at least every six months, WIS. ADMIN. CODE § DOC 308.04(10), and therefore the ACRC presumably made one or more decisions to continue Freeman's administrative confinement after its decision on October 18, 2000, each of which triggered a new "occurrence" within the meaning of WIS. ADMIN. CODE § DOC 310.09(3). Alternatively, it may be because placement in administrative confinement is considered an "occurrence" that is "ongoing," and therefore a complaint is considered timely as long as the inmate is subject to that confinement. Alternatively, the ICE may have decided that the complaint was not filed within fourteen days from the "occurrence," but Freeman had good cause for not doing so within fourteen days. In any event, it is reasonable to infer that the ICE either decided that the fourteen-day requirement was satisfied or decided to accept the complaint anyway, as the ICE has the discretion to do under § DOC 310.09(3). We therefore conclude that Freeman satisfied his obligations under the first step in the ICRS process.

---

[11] Under WIS. ADMIN. CODE § DOC 310.12(1), the ICE makes a written recommendation to the reviewing authority and the reviewing authority makes a decision "based on the record within 5 working days following receipt of the recommendation unless extended for cause and upon notice to all interested parties."

¶ 19. We do not agree with the circuit court's analysis—that the ICE erred in accepting the complaint because it was untimely and the error was harmless. There is nothing in the petition or the attachments that indicates that either the ICE or the reviewer erred in accepting Freeman's complaint. First, WIS. ADMIN. CODE § DOC 310.09(3) does not require the ICE to dismiss a complaint if it is not filed within fourteen days of the "occurrence," and nothing in the section governing the reviewer's duties requires the reviewer to do so. *See* WIS. ADMIN. CODE § DOC 310.12. Second, as we have explained above, the ICE may have decided the complaint was filed within fourteen days of the "occurrence."

¶ 20. We also conclude that Freeman satisfied his obligation under the second step in the ICRS process. He appealed to the CCE within ten days of the reviewer's decision as he is required to do by WIS. ADMIN. CODE § DOC 310.13(1).

¶ 21. The CCE must make a recommended decision to the secretary within thirty-five working days of receipt of the complaint, unless extended for cause and upon notice, and if the CCE does not do so, the decision appealed from is affirmed. WIS. ADMIN. CODE § DOC 310.13(7). DOC "shall notify the inmate of all decisions in writing." Section DOC 310.13(7). The secretary is to make a decision based on the record within ten working days following receipt of the recommendation, although the secretary may extend the time for making a decision for cause and upon notice. WIS. ADMIN. CODE § DOC 310.14(1). If the secretary does not make a "written decision . . . within the time limit, the finding and recommendation of the CCE shall be deemed to be the

secretary's decision, and the secretary shall promptly advise the parties concerned." Section DOC 310.14(3).

¶ 22. Based on the notice provided Freeman when he filed the complaint with the CCE, and the September 14 letter from the DOC secretary's office, it appears the actual procedure is somewhat different from that contemplated by the regulations: forty-seven working days appears to be used for the entire process, with no automatic communication to the inmate relating the CCE's recommendation. However, we need not resolve this apparent discrepancy, nor the ambiguities over when, in DOC's view, the forty-seven days start running. We are satisfied that neither the regulations nor the notices Freeman received required him to wait longer than October 1, 2001, before filing a petition for review by certiorari of the decision to place him in administrative confinement. Therefore, we conclude Freeman exhausted the available administrative remedies with respect to the ACRC's decision to place him in administrative confinement at SMCI.

¶ 23. Turning to the decision of the PRC to transfer Freeman to SMCI, the petition alleges that decision was made on December 9, 1999. As we have noted above, the ICRS is not available to challenge PRC decisions, unless the challenge is to the procedure used by the PRC. Wis. Admin. Code § DOC 310.08(2)(b) and (3). We do not understand Freeman's petition to challenge the procedures used by the PRC, but rather to challenge the basis for the PRC's decision—that is, he is alleging that a decision resulting from a disciplinary hearing that denied him due process is an insufficient basis for transferring him to SMCI. However, if Free-

252

man does intend to challenge in this action the procedures used by the PRC, we conclude the complaint he filed with the ICE cannot reasonably be read as challenging the procedures used by the PRC. This conclusion is fortified by the decision of the ICE, adopted by the reviewer: the decision did not refer to the PRC hearing but only to the ACRC hearing. Therefore, Freeman has failed to exhaust available administrative remedies with respect to procedural objections to the December 9, 1999 PRC decision.

¶ 24. With respect to Freeman's challenge to the substantive basis for the PRC decision, there are no administrative remedies available for him to exhaust. He may seek review by certiorari directly from the PRC decision. We will assume without deciding that, since he was not a prisoner within the meaning of WIS. STAT. § 893.735(2) at the time of the December 9, 1999 PRC decision, the time limit for appealing that decision is six months, not forty-five days.[12] However, six

---

[12] WISCONSIN STAT. § 893.735 provides in part:

> **Action by prisoner contesting a governmental decision. (1)** In this section, "prisoner" has the meaning given in s. 801.02 (7) (a) 2.

> **(2)** An action seeking a remedy available by certiorari made on behalf of a prisoner is barred unless commenced within 45 days after the cause of action accrues. The 45–day period shall begin on the date of the decision or disposition, except that the court may extend the period by as many days as the prisoner proves have elapsed between the decision or disposition and the prisoner's actual notice of the decision or disposition.

Since WIS. STAT. § 893.735 incorporates the definition of "prisoner" set forth in WIS. STAT. § 801.02(7)(a)2, a person who is incarcerated in an out-of-state facility is not bound by the forty-five-day time limit. *State ex rel. Frohwirth v. Wisconsin*

months from December 9, 1999, has long passed. We therefore affirm the court's dismissal of Freeman's petition insofar as Freeman seeks review of the December 9, 1999 PRC decision transferring him to SMCI.

¶ 25. In summary, we conclude that the petition fails to allege exhaustion of the ICRS with respect to the Whiteville disciplinary decision, and Freeman does not argue that the ICRS was not available to review that decision. Therefore, we affirm the circuit court order dismissing the petition insofar as it seeks review of that decision. We also conclude that the petition alleges exhaustion of the available administrative remedies for review of the ACRC decision placing him in administrative confinement at SMCI. Therefore, we reverse the circuit court order dismissing the petition insofar as it seeks review of that decision. Finally, we conclude that the petition fails to allege exhaustion of the available administrative remedies with respect to any procedural challenges to the December 9, 1999 PRC decision transferring him to SMCI, and that the petition for certiorari review of the substantive basis of that decision is untimely. Therefore, we affirm the circuit court order dismissing the petition insofar as it seeks review of that PRC decision.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded.

---

*Parole Comm'n*, 2000 WI App 139, ¶ 6, 237 Wis. 2d 627, 614 N.W.2d 541. In the absence of this statute, the common-law time limit of six months would apply. *See Smith*, 222 Wis. 2d at 79.