Barney A. Guarnero, Plaintiff-Appellant,
v.
Gerald A. Berge, Gary Boughton, Officer Eck and Gary Blackburn, Defendants-Respondents.
No. 03-1466.
Court of Appeals of Wisconsin.
Opinion Filed: February 19, 2004.
Before Deininger, P.J., Vergeront and Lundsten, JJ.
¶ 1. PER CURIAM.
Barney Guarnero appeals an order that dismissed his civil rights complaint against correctional officers at the Wisconsin Secure Program Facility (WSPF) for failure to exhaust administrative remedies. We affirm for the reasons discussed below.

BACKGROUND
¶2. For the purposes of this appeal, we accept the facts alleged in the complaint and accompanying documents as true. On December 12, 2000, a prison official seized papers belonging to Guarnero during a cell search. Among the papers were some handwritten notes which Guarnero claimed were prayers. The official issued Guarnero a conduct report alleging that the writings were gang-related and thus forbidden by prison rules. On January 3, 2001, following a disciplinary hearing, Guarnero was adjudged guilty of group resistance and given six days of adjustment segregation and 180 days of program segregation.
¶ 3. On January 10, 2001, Guarnero attempted to appeal his disciplinary decision to the warden, alleging violations of his due process and First Amendment rights. On January 19, 2001, the warden rejected Guarnero's submission because it was written on plain paper, rather than on a standardized DOC-91 form. Guarnero resubmitted his appeal on a DOC-91 form. On January 24, 2001, the warden rejected Guarnero's second submission because it had been placed in an Inmate Complaint Review System (ICRS) envelope, which was considered institutional property, rather than in a plain, personal envelope. Guarnero resubmitted his appeal on the proper form and in an appropriate envelope. On February 19, 2001, the warden denied Guarnero's third attempted appeal as untimely. Guarnero then filed an inmate complaint challenging the warden's decision that his appeal of the disciplinary decision had been untimely. The Inmate Complaint Examiner (ICE) dismissed the complaint. The Corrections Complaint Examiner (CCE) recommended that the Department of Corrections Secretary affirm the dismissal, and the Secretary adopted the CCE's recommendation on April 20, 2001.
¶ 4. Meanwhile, on January 12, 2001, Guarnero also filed an inmate complaint objecting to the confiscation of his alleged religious writings and his punishment for possession of the writings. The ICE dismissed the complaint as premature, noting that the appeal of the disciplinary proceeding was still pending at that time. The CCE recommended that the Department of Corrections Secretary affirm the dismissal, which he did. On April 27, 2001, Guarnero filed another inmate complaint objecting to both the confiscation of his alleged religious writings and the disciplinary action as violations of his First Amendment free exercise rights. The ICE rejected that complaint as untimely and the CCE and Secretary affirmed that decision as well.
¶ 5. On September 28, 2001, Guarnero filed the present action in circuit court, alleging violations of his due process and free exercise rights based on the confiscation of his papers and subsequent disciplinary proceedings. The trial court construed the complaint as a certiorari petition seeking review of a disciplinary decision. It then concluded Guarnero had missed the 45-day limit for seeking certiorari review and dismissed the complaint for failure to state a claim, without requiring a response from the defendants.
¶ 6. Guarnero appealed. This court agreed that certiorari review of Guarnero's claims arising from the disciplinary proceeding were barred as untimely, and further determined that the warden should have been dismissed. However, we concluded that Guarnero's free exercise claims against the remaining defendants were properly construed as a civil rights action under 42 U.S.C. § 1983 and were not time-barred. Accordingly, we remanded for further proceedings on Guarnero's First Amendment claims.
¶ 7. On remand, the defendants moved to dismiss the complaint for failure to exhaust administrative remedies. The trial court granted the motion and denied reconsideration, and this matter is now before us for a second time on appeal. Additional facts will be set forth as needed in the discussion below.

DISCUSSION
¶ 8. As a threshold matter, Guarnero claims that the exhaustion of remedies issue is barred by his prior appeal. We disagree. First, the trial court initially dismissed Guarnero's complaint without requiring a response. Because the State was not given an opportunity to raise the exhaustion issue prior to the appeal, there was no waiver. Second, although the State raised the exhaustion issue on the first appeal, this court did not reach the issue. Therefore, there was no ruling from this court to which the doctrine of law of the case could apply. We conclude that the exhaustion of remedies issue is properly before us on this appeal.[1]
¶ 9. Wisconsin Stat. § 801.02(7)(b) (2001-02)[2] requires an inmate to exhaust all administrative remedies, regardless whether they might be futile, before commencing a civil action against prison employees. State ex rel. Hensely v. Endicott, 2001 WI 105, ¶¶1, 9, 22, 245 Wis. 2d 607, 629 N.W.2d 686. The exhaustion requirement extends to civil rights claims filed under 42 U.S.C. § 1983. State ex rel. Ledford v. Circuit Court for Dane County, 228 Wis. 2d 768, 779-80, 599 N.W.2d 45 (Ct. App. 1999). Effective exhaustion requires compliance with applicable rules governing the administrative grievance procedure. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), cert. denied 537 U.S. 949 (2002). The question whether administrative remedies have been properly exhausted is subject to de novo review. State ex rel. L'Minggio v. Gamble, 2003 WI 82, ¶ 11, 263 Wis. 2d 55, 667 N.W.2d 1.
¶ 10. The complaint filed in the trial court may be read to state two related but distinct civil rights claims. First, Guarnero contends that prison officials violated his First Amendment rights by confiscating materials he alleges were religious in nature. Second, he claims the officials violated his First Amendment rights by imposing discipline on him for his possession of those materials.
¶ 11. The ICRS affords inmates a procedure for raising civil rights grievances. See Wis. Admin. Code §§ DOC 310.01(2)(h) and 310.08(1). "An inmate shall file a complaint within 14 calendar days after the occurrence giving rise to the complaint, except that the institution complaint examiner may accept a late complaint for good cause." Wis. Admin. Code § DOC 310.09(6). Because prison officials have discretion to accept late complaints, it is reasonable to infer a finding of good cause when an ICRS complaint is not dismissed as untimely. See State ex rel. Freeman v. Berge, 2002 WI App 213, ¶¶ 8-9, 257 Wis. 2d 236, 651 N.W.2d 881.
¶ 12. Here, Guarnero filed his first ICRS complaint challenging the confiscation of his materials and his punishment for possessing those materials on January 12, 2001, a month after the seizure had occurred and nine days after he was adjudged guilty on the conduct report.[3] Prison officials concluded the complaint was premature because Guarnero still had an appeal from the disciplinary action pending at that time. We agree that any First Amendment claim that prison officials had improperly punished Guarnero for the exercise of religion would not have matured until the disciplinary proceedings had been completed.
¶ 13. In contrast, a claim that prison officials had violated Guarnero's First Amendment rights by seizing religious materials could have been brought within fourteen days after the confiscation. The ICE did not dismiss Guarnero's first complaint as untimely with respect to the confiscation, however. For the sake of argument, we will infer that the ICE found good cause for Guarnero to delay his civil rights complaint regarding the seizure of his materials in order to combine the issue with his claim that he had been improperly punished for possession of those materials. We conclude, then, that the timeliness of Guarnero's attempted ICRS review of both First Amendment issues must be measured from the conclusion of the disciplinary action.
¶ 14. Guarnero spends considerable effort explaining why he believes the warden improperly dismissed his attempted appeals of the disciplinary decision. These arguments miss the point, however. The timeliness of Guarnero's appeal to the warden would be relevant to a determination whether he properly exhausted his administrative remedies before seeking judicial review of the disciplinary decision. Our prior opinion, however, held that Guarnero was time barred from seeking certiorari review of the disciplinary decision itself. His only remaining claims arise under 42 U.S.C. § 1983. Therefore, the question on this appeal is whether Guarnero timely exhausted all administrative remedies on his First Amendment claims, not on his disciplinary action. This issue does not turn on whether the warden properly denied Guarnero's appeal of the disciplinary decision, but on when the disciplinary proceedings could be considered completed, such that Guarnero's claim that he had been improperly punished matured.
¶ 15. We conclude that the disciplinary proceeding was completed by February 19, 2001, when the warden issued his third and final decision denying Guarnero's attempted appeal. At that point, Guarnero could properly have filed an ICRS complaint seeking review of any alleged procedural errors in the disciplinary proceedings, or could have directly sought certiorari review if he had wished to raise only substantive challenges to the decision. Cf. State ex rel. Smith v. McCaughtry, 222 Wis. 2d 68, 77-78, 586 N.W.2d 63 (Ct. App. 1998) (holding that an inmate who wishes to challenges a disciplinary action on both procedural and substantive grounds must complete the ICRS procedure before seeking judicial review on either claim.), abrogated in part on other grounds by State ex rel. Hensley v. Endicott, 2001 WI 105, ¶ 13, 245 Wis. 2d 607, 629 N.W.2d 686 (holding that there is no futility exception to the exhaustion requirement of the PLRA). Because we conclude Guarnero's disciplinary proceeding was final as of February 19, 2001, Guarnero had fourteen days from that date to file an ICRS complaint alleging that the punishment violated his First Amendment rights.
¶ 16. Guarnero did not file another ICRS complaint raising his First Amendment claims, however, until April 27, 2001. Prison officials properly deemed that complaint untimely. Therefore, the trial court properly determined that Guarnero had failed to properly exhaust his administrative remedies.
By the Court.Order affirmed.
NOTES
[1] Guarnero also argues that the issue is barred by claim and issue preclusion. Those doctrines are inapplicable, however, because they generally apply to separate actions, not a continuation of the same action.
[2] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[3] The prison officials point out that ICRS complaints are supposed to be limited to one issue each under Wis. Admin. Code § DOC 310.09(1)(e). However, because it makes no difference to our ultimate resolution of this case, we will not attempt to determine whether Guarnero's ICRS complaints should have been construed as raising only one of the two issues, and if so, which one.