Joe HERTLEIN, Plaintiff-Appellant,

v.

Mr. & Mrs. Donald HUCHTHAUSEN,
Defendants-Respondents.

Court of Appeals

*No. 86-0514. Submitted on briefs July 8, 1986. —Decided
July 28, 1986.*

(Also reported in 393 N.W.2d 299.)

For the plaintiff-appellant the cause was submitted on the briefs of *John M. Potter* and *Brazeau, Potter, Wefel & Nettesheim* of Wisconsin Rapids.

For the defendants-respondents the cause was submitted on the brief of *Richard E. Weymouth* and *Nash, Podvin, Detlefsen, Tuchscherer & Weymouth, S.C.* of Wisconsin Rapids.

Before Gartzke, P.J., Dykman, J., and Eich, J.

EICH, J.   Joe Hertlein, a contractor, built an addition to a house owned by Donald and Carol Huchthausen. When the Huchthausens refused to pay the full contract price for the work, Hertlein sued them in small claims court. The Huchthausens counterclaimed, alleging faulty workmanship. The trial court found in their favor, dismissing Hertlein's complaint and awarding the Huchthausens damages on their counterclaim.

Hertlein appealed, raising two issues: (1) whether a check, offered as proof of full payment of the contract price, was properly received in evidence; and (2) whether the award of damages included items not properly before the court. We resolve both issues against Hertlein and affirm the judgment.

After the addition was completed and the bulk of the contract price had been paid, the roof began to leak. Hertlein returned several times to make repairs, but the leak persisted. The Huchthausens eventually received a bill from Hertlein for $6,350,[1] the apparent balance due on the full contract price. They sent him a check for $5,333, marking it "final payment." Hertlein cashed the check, endorsing it "in acceptance of partial payment towards final statement."

The Huchthausens eventually had the leak repaired by another contractor, P.D.S. Construction, Inc. In the meantime, Hertlein sued the Huchthausens for the balance of the amount billed. The Huchthausens answered, alleging that Hertlein's work was defective and incomplete and that he had been paid all that was due him under the contract. They counterclaimed for $5,000,

---

[1] All figures are rounded to the nearest dollar.

representing damages alleged to have resulted from Hertlein's faulty workmanship and use of defective materials in building the addition.

The trial court ruled that Hertlein's acceptance of the $5,333 check in satisfaction of a disputed claim barred recovery of the balance. The court also determined that the leak was caused by faulty design and workmanship on Hertlein's part and that the Huchthausens were entitled to recover $4,355, representing the work done by P.D.S. to fix the roof and to repair damage to the insulation, drywall, flooring and carpeting caused by the leak.

Hertlein argues first that the check should not have been received in evidence because: (1) the Huchthausens' pleadings never raised accord and satisfaction as a defense; and (2) the check was not produced prior to trial.

■

Section 802.02(3), Stats., provides that accord and satisfaction is an affirmative defense which must be set forth in the pleadings. Affirmative defenses not raised in the pleadings are deemed to be waived. *Helmbrecht v. St. Paul Ins. Co.*, 122 Wis.2d 94, 121, 362 N.W.2d 118, 132 (1985); *Milwaukee Co. v. Labor & Ind. Rev. Comm.*, 113 Wis.2d 199, 206, 335 N.W.2d 412, 416 (Ct. App. 1983). Under the heading "Affirmative Defenses," the Huchthausens' answer states that they "have paid . . . the contract price in full." That is an ample statement of the defense.

■

Hertlein maintains that his counsel requested a copy of the check at a deposition two years prior to the trial and never received it. He argued to the trial court that, while he knew of the check's existence, he was

70

"surprised" by the "final payment" notation. The trial court received the check in evidence over Hertlein's objection. It was not an abuse of discretion to do so. If Hertlein was concerned about not receiving the check in the intervening two years, he had ample opportunity during that time to avail himself of the various discovery remedies under sec. 804.12, Stats.[2]

Hertlein next argues that because the Huchthausens' counterclaim did not allege damage to the insulation, drywall or flooring, the trial court's award included recovery for items beyond the scope of the pleadings.

The Huchthausens alleged in their amended counterclaim that: (1) Hertlein contracted to build an addition to their home; (2) "[t]he materials . . . were defective and the work was not done in a workmanlike manner, such to include but not exclusive [sic] of; roof, flooring, mantel, fireplace hearth and doors" ; and (3) "to complete the work called for under the contract, and further, to correct the defective work . . . and further, due to the fact that the work was not done in a workmanlike manner it will cost the [Huchthausens] the sum of $5,000."

---

[2] Hertlein also argues that opposing counsel's agreement to provide the check at the time of the earlier depositions was a "professional courtesy agreement," which we should enforce, citing *Oostburg State Bank v. United Savings & Loan,* 125 Wis.2d 224, 372 N.W.2d 471 (Ct. App. 1985). We need not consider the argument beyond noting that *Oostburg* requires such an agreement to be "in writing and subscribed by the party to be bound" in order to be considered binding. *Id.* at 231, 372 N.W.2d at 474. There is no written, subscribed agreement in the record.

Notice-giving is the primary purpose of pleading under the rules of civil procedure adopted by the supreme court in 1976. Other functions served by pleadings under former laws, such as stating the facts and defining the issues, have been shifted to discovery and pretrial motion practice. Clausen and Lowe, *The New Wisconsin Rules of Civil Procedure: Chapters 801-803*, 59 Marq. L. Rev. 1, 38 (1976). "Fair notice" of the claim is all that is required of a pleading. *Id.* Section 802.02, Stats., which adopted "notice pleading" in Wisconsin is based on Federal Rule 8(a), a "liberal" rule allowing the litigants to "plead generally and discover the precise factual basis for [the] claim through equally liberal . . . discovery procedures." *Morrison v. City of Baton Rouge*, 761 F.2d 242, 244 (5th Cir. 1985). Under notice pleading, a complaint or counterclaim "need only 'give the [other party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Quality Foods v. Latin Am. Agribusiness Devel.*, 711 F.2d 989, 995 (11th Cir. 1983), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

The Huchthausens' amended counterclaim alleged that Hertlein constructed the addition to their house in an unworkmanlike manner in violation of the parties' contract and that the poor workmanship involved, among other things, the roof and flooring. They sought damages of $5,000 to make them whole for the Hertein's "defective work." Under notice pleading rules, those allegations are sufficient to put Hertlein on notice that the Huchthausens were seeking damages beyond the mere cost of repairing the roof itself, which, as Hertein points out, amounted to only one-fifth of the $5,000 claimed. Hertlein's protection from "surprise" is

found in the discovery statutes, and we agree with the trial court that, not having availed himself of that protection, he will not now be heard to complain.

Finally, Hertlein argues that the Huchthausens failed to mitigate their damages. This affirmative defense is nowhere mentioned in Hertlein's pleadings and is thus waived. *Lobermeier v. General Tel. Co. of Wisconsin,* 119 Wis.2d 129, 148, 349 N.W.2d 466, 475 (1984); *Peeples v. Sargent,* 77 Wis.2d 612, 631, 253 N.W.2d 459, 466 (1977).

Even so, we note that the trial court made extensive findings of fact as to the Huchthausens' efforts to get the roof repaired, and it concluded that they had made a reasonable effort to mitigate their damages. Our review of the record satisfies us that those findings are not clearly erroneous; indeed, the supporting evidence was uncontradicted. We are equally satisfied that the facts satisfy the legal "reasonable effort" standard for mitigation. *Kuhlman, Inc. v. G. Heileman Brew. Co., Inc.,* 83 Wis.2d 749, 755, 266 N.W.2d 382, 385 (1978).

*By the Court.*—Judgment affirmed.