Hilltop Builders, Inc., Plaintiff-Appellant,
v.
Norse Homes, A Division of Norse Building Systems, Inc., Defendants-Respondents.
No. 2004AP165.
Court of Appeals of Wisconsin.
Opinion Filed: April 26, 2005.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 PER CURIAM.
Hilltop Builders, Inc., appeals a judgment entered on a jury verdict awarding damages to Norse Homes.[1] Hilltop argues: (1) the circuit court erroneously dismissed its complaint as a discovery sanction; (2) the court erred by submitting a claim to the jury that was not pled by Norse; and (3) there was insufficient evidence to support the jury's damage verdict.[2] We affirm the judgment.

BACKGROUND
¶2 On March 13, 2001, Hilltop filed a complaint alleging it entered into a dealership agreement with Norse and Norse breached that agreement in violation of the Wisconsin Fair Dealership Act. Norse counterclaimed, seeking: (1) damages for materials and services Norse provided to Hilltop; (2) reimbursement for warranty work Norse provided to specific customers on homes constructed by Hilltop; and (3) contribution or indemnity for litigation costs and settlements Norse paid arising from Hilltop's poor work.
¶3 Norse took the deposition of Sandra Rudy,[3] Hilltop's owner, on December 14, 2001, in which a number of relevant documents were identified. On December 17, Norse served a request for production of those documents, but Hilltop did not respond.
¶4 Norse deposed Gary McIntosh, a Hilltop employee, on June 12, 2002. Additional relevant documents were identified in McIntosh's deposition.[4] On June 27, Norse sent a letter to Hilltop requesting the documents identified in the depositions. Norse made additional informal requests for the documents on July 29 and September 20. Hilltop did not produce the documents and Norse served a formal request for production of documents on September 24. Norse received incomplete responses and therefore filed a motion to compel production on October 23.
¶5 On November 11, the circuit court heard Norse's motion to compel. At the hearing, Hilltop's counsel agreed the documents should be produced and promised to do so by November 22. The court set a November 29 deadline, advising that it was a "drop-dead" date. The court also awarded Norse $250 in attorney fees under WIS. STAT. § 804.12(2), to which Hilltop's counsel did not object.[5] The court's order indicated that Hilltop's failure to produce the documents by November 29 or to pay the $250 attorney fee award by December 13 would result in sanctions.
¶6 Hilltop failed to comply with the court's order and Norse moved for sanctions. At the December 20 hearing on the motion, the court reserved ruling on Norse's motion, asking Norse to submit an explanation of the significance of the documents Hilltop failed to produce and asking Hilltop to submit verification of efforts it made to secure the documents. Norse's response explained the requested documents' relationship to Hilltop's fair dealership claims. Hilltop was unable to verify its diligence in responding to the discovery.
¶7 When the court revisited the issue at a January 3, 2003 hearing, it concluded Hilltop's failure to timely produce the requested documents was an egregious violation. As a sanction, it dismissed Hilltop's complaint. Hilltop moved for reconsideration on January 7. That motion was denied at a February 10 hearing because Hilltop failed to submit any new information.
¶8 On October 20, a two-day jury trial commenced on Norse's counterclaim. The court approved a special verdict that included questions related to the "Baker claim," for which Norse sought reimbursement for its expenditures settling claims arising from Hilltop's faulty workmanship on a home the Bakers purchased. The jury returned a verdict awarding Norse a total of $3,984.20 in damages, including $1,269.50 for the Baker claim.

DISCUSSION

Dismissal of Complaint
¶9 Hilltop argues the circuit court erroneously dismissed its complaint as a discovery sanction, pursuant to WIS. STAT. § 804.12.[6] We reverse a circuit court's decision to dismiss an action if the circuit court erroneously exercised its discretion. Johnson v. Allis Chalmers Corp., 162 Wis. 2d 261, 273, 470 N.W.2d 859 (1991). A circuit court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law and, using a demonstrated rational process, reaches a conclusion that a reasonable judge could reach. Loy v. Bunderson, 107 Wis. 2d 400, 414-15, 320 N.W.2d 175 (1982). Because dismissal is a harsh sanction for noncompliance with discovery orders, it is only appropriate where (1) the noncompliance is egregious or undertaken in bad faith and (2) the noncomplying party fails to show a clear and justifiable excuse for its failure to comply with the court's discovery orders. See Johnson, 162 Wis. 2d at 274-76.
¶10 Here, at the December 20, 2002 hearing on Norse's motion for sanctions, the court undertook an extensive review of the procedural history of the case. It examined Norse's discovery requests and Hilltop's repeated failure to produce the documents. It also considered Hilltop's failure to comply with its order setting November 29 as a "drop-dead" date for producing the documents and to pay Norse's attorney fees stemming from the motion to compel. It reviewed the outstanding requests for production and concluded that three of the nine requests had not been satisfied. The court continued the hearing in order to receive clarification from Norse as to how Hilltop's failure to produce the requested documents was prejudicial and to receive evidence from Hilltop of its diligence in producing the requested documents.
¶11 When the hearing continued on January 3, 2003, Hilltop's position was that the requested documents existed but had not been located. Hilltop provided no evidence of its diligence in pursuing the documents. The court concluded that the requested documents were relevant to whether a dealership existed and, thus, were central to Hilltop's claim. It found Hilltop's conduct in repeatedly failing to comply with discovery egregious and exercised its authority under WIS. STAT. § 804.12(2) to sanction Hilltop by dismissing its complaint. The court explained:
[Hilltop] has been given many opportunities to comply with the rules of discovery, to comply with the court's order, provide information to [Norse]. But for reasons that are unclear to me, the plaintiff Hilltop Builders and its principal Ms. Rudy just hasn't been able to provide the necessary information. And this has been a repeated thing, a repeated experience.
....
[W]hat faces me is a course of carelessness and dilatoriness and lack of attention to detail that unfortunately I think in this case justifies this drastic remedy.
¶12 Hilltop argues its conduct was not egregious because it ultimately provided all of the documents in its possession, which satisfied all but two of the nine requested categories of documents, and was making efforts to obtain the remaining documents from an accountant who had moved out of state. However, the record supports the circuit court's finding of egregiousness at the January 3, 2003 hearing. Norse repeatedly requested the documents from Hilltop, informally, formally and eventually filing a motion to compel. As a result of that motion, the court ordered production of the documents by November 29, 2002. Hilltop did not produce the documents by November 29 and offered no evidence that it was diligent in pursuing the requested documents. Hilltop also failed to comply with the order to pay Norse's attorney fees and offered no excuse for its failure to do so. Under these circumstances, the circuit court had a rational basis for concluding that Hilltop's conduct was egregious and without a clear and justifiable excuse. See Johnson, 162 Wis. 2d at 280.
¶13 Hilltop also argues that the unproduced documents are irrelevant, not in its possession or do not exist. However, at the November 11, 2002 hearing on Norse's motion to compel, Hilltop's counsel conceded Hilltop had the documents, was required to produce them, and could do so by November 22. At the January 3, 2003 hearing, Hilltop's counsel agreed that all of the requested documents existed but had not been located. Hilltop cannot now argue to the contrary. See State v. Michels, 141 Wis. 2d 81, 98, 414 N.W.2d 311 (Ct. App. 1987) (judicial estoppel bars litigant from appellate argument directly contradictory to circuit court argument). Additionally, the circuit court undertook a careful review of what documents had been requested, what documents had not been produced and the relevance of those documents to Hilltop's claim and Norse's defense.
¶14 Finally, Hilltop argues it is not required to produce certain documents regarding the sale of a model home because they are in the possession of the "Sandra J. Rudy Irrevocable Trust," which is not a party to this action. However, Hilltop never challenged whether the documents were discoverable in the circuit court. We do not address arguments raised for the first time on appeal. Wirth v. Ehly, 93 Wis. 2d 433, 443, 287 N.W.2d 140 (1980). Because the court examined the relevant facts and law and reached a reasonable conclusion, its dismissal of Hilltop's claim as a sanction for discovery abuse was a proper exercise of discretion.

The Baker claim
¶15 Hilltop argues Norse did not plead the "Baker claim," and, therefore, the circuit court erred by admitting evidence and submitting a verdict question to the jury on that claim. The jury ultimately awarded Norse $1,269.50 for the Baker claim.
¶16 Because Wisconsin is a "notice pleading" state, Norse's pleadings must be sufficient to give Hilltop fair notice of the Baker claim. See WIS. STAT. § 802.02; Hertlein v. Huchthausen, 133 Wis. 2d 67, 72, 393 N.W.2d 299 (Ct. App. 1986). Paragraph four of Norse's amended counterclaim alleges:
Hilltop has failed to construct the homes in a workmanlike manner and have [sic] exposed Norse Homes to other claims and litigation and Norse is entitled to contribution and/or indemnify from Hilltop for the costs, payments, and legal fees associated with these claims or litigations. (Emphasis added.)
¶17 Hilltop argues this allegation did not give it fair notice of the Baker claim. It directs us to paragraph two of Norse's amended counterclaim, which sought reimbursement for warranty work Norse performed on five specifically named homes. The Baker home was not named. Therefore, Hilltop contends, the paragraph four language referring to "the homes" refers only to the previously named customers. Because that list of customers does not include the Bakers, Hilltop argues it did not have fair notice of the Baker claim.
¶18 Even if we accept Hilltop's argument that "the homes" only refers to the named customers in paragraph two, paragraph four provides fair notice of the Baker claim. In paragraph four, Norse alleges that Hilltop exposed it to "other claims and litigation." The Baker claim was one of the "other claims" for which Norse sought contribution from Hilltop. Therefore, under notice pleading, Norse's counterclaim adequately notified Hilltop of the Baker claim. See Hertlein, 133 Wis. 2d at 72-73.

Sufficiency of Evidence
¶19 Hilltop argues there was insufficient evidence on which the jury could base its damage verdict of $3,984.20. "The amount of damages awarded is a matter resting largely in the jury's discretion." Zintek v. Perchik, 163 Wis. 2d 439, 480, 471 N.W.2d 522 (Ct. App. 1991), overruled on other grounds by Steinburg v. Jensen, 194 Wis. 2d 439, 534 N.W.2d 361 (1995). Accordingly, we sustain a jury's damage award if supported by any credible evidence. Ford Motor Co. v. Lyons, 137 Wis. 2d 397, 446, 405 N.W.2d 354 (Ct. App. 1987). When a jury's damage award "has the approval of the trial court, the scope of review is even more limited." T&HW Enters. v. Kenosha Assocs., 206 Wis. 2d 591, 602, 557 N.W.2d 480 (Ct. App. 1996). "[W]e may not substitute our judgment for that of the jury and are limited to determining whether the awards are within reasonable limits." Frayer v. Lovell, 190 Wis. 2d 794, 813, 529 N.W.2d 236 (Ct. App. 1995).
¶20 Hilltop contends it is impossible to discern what calculations the jury undertook to reach the verdict amount and, thus, the verdict can only be based on speculation. Damage awards may not be based on pure speculation or conjecture, Coryell v. Conn, 88 Wis. 2d 310, 315, 276 N.W.2d 723 (1979), but neither are they required to be calculated with scientific precision or mathematical certainty. Rather, in order to be recoverable, damages must only be proven with reasonable certainty. Caygill v. Ipsen, 27 Wis. 2d 578, 589-90, 135 N.W.2d 284 (1965). We agree with the circuit court's conclusion that there was credible evidence from which the jury could find damages in the range of $0 to $27,000. Accordingly, there is no basis to disturb the jury's verdict of $3,984.20.
¶21 Hilltop also specifically challenges the jury's damage award for the Baker claim. In support of the Baker claim, Norse offered Exhibit 212, the release signed by Norse and the Bakers that settled the Bakers' claims. Hilltop claims that Exhibit 212 was improperly admitted hearsay evidence and therefore there was no credible evidence to support the damage award on the Baker claim. However, Hilltop's argument ignores the testimony of Knute Peter Stalland, Norse's chief executive officer. Stalland testified about the problems with the Baker home and that Norse paid the Bakers $5,078.50 to settle their claims. Accordingly, there was sufficient credible evidence to support the jury's damage award of $1,269.50.
By the Court.Judgment affirmed.
NOTES
[1] Hilltop appeals from the final judgment entered after trial. However, Hilltop's appeal also properly challenges the circuit court's non-final judgment dismissing its complaint. See Leske v. Leske, 185 Wis. 2d 628, 630, 517 N.W.2d 538 (Ct. App. 1994) (judgment dismissing complaint is not final when unresolved counterclaim remains).
[2] In its brief-in-chief, Hilltop names a fourth issue contending the court erred by admitting evidence on the unpled claim. To the extent that this argument differs from Hilltop's second argument, we address those arguments together.
[3] Sandra Rudy is now known as Sandra Rudy-McIntosh. We will refer to her as Rudy.
[4] Although McIntosh's notice of deposition requested that he bring any relevant documents with him to the deposition, it appears that no documents were produced at the deposition.
[5] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[6] WISCONSIN STAT. § 804.12 reads in relevant part:

(2) FAILURE TO COMPLY WITH ORDER.
(a) If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
....
3. An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.